**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LEONARD JOHNSON** | § | |
| | § | |
| **v.** | § | **CASE NO.  4:23-cv-650** |
| | § | |
| | § | |
| **THE TOWN OF PROSPER, TEXAS, et. al.** | § | |

## DEFENDANTS LT. BOOTHE AND CHIEF KOWALSKI'S MOTION TO DISMISS

COME NOW **PAUL BOOTHE** and **DOUG KOWALSKI**, two of the three Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), and file their MOTION TO DISMISS, as follows:

## I.
## INTRODUCTION AND OVERVIEW

Plaintiff has sued the Town of Prosper, Lieutenant Paul Boothe and Chief Doug Kowalski arising from the investigation, arrest, and indictment of the Plaintiff for the Felony criminal offense of Impersonating a Public Servant.  Probable cause was determined - twice - by a State District Court Judge then a Collin County Grand Jury.  The charge was ultimately dismissed, so now Plaintiff sues under the guise that he was illegally searched, arrested, and retaliated against for exercising his First Amendment rights.  He brings claims under the Fourth and First Amendments.

Plaintiff's attempt to cast himself as the victim of a vengeful Town seeking to punish him for merely submitting Public Information Act requests rings hollow.  On the cusp of 2020 elections, Plaintiff, masquerading as a Town Councilmember, engaged in calculated catfishing to try to obtain protected police records.  Stripped of its self-serving rhetoric and culled from the professorial spin, Plaintiff's case is founded on the implausible contention that since his phishing was done in the context of Public Information Act requests, he is somehow immunized by the First Amendment from culpability for his criminal conduct.  But he is not.  Criminal conduct - not asking questions of the

government - is what lead to legitimate law enforcement efforts to ascertain who was posing as an elected official to subjugate the procedures and protections of the Texas Public Information Act. Plaintiff's flimsy attempt to conjure up viable constitutional claims cannot meet threshold plausibility requirements nor overcome Defendants' Qualified Immunity.  Dismissal should follow.

## II.
## GROUNDS FOR RELIEF

Pursuant to Local Rule CV-7(a)(1),  Lt. Boothe and Chief Kowalski request that the Court decide the following issues as presented in their motion:

1. Whether Plaintiff has plead any plausible claims against Chief Kowalski where there are no legally significant allegations of any personal involvement by Chief Kowalski nor can he be liable for any "Supervisory Liability";

2. Whether Plaintiff has plead any plausible claims against Lt. Boothe and/or Chief Kowalski which survive the independent-intermediary doctrine;

3. Whether Plaintiff has plead any plausible Fourth Amendment illegal search or unlawful arrest claim(s) against Lt. Boothe and/or Chief Kowalski which overcome their Qualified Immunity;

4. Whether Plaintiff has plead any plausible claims First Amendment retaliation claim against Lt. Boothe and/or Chief Kowalski which overcome their Qualified Immunity;

5. Whether Plaintiff has plead any plausible claims for Declaratory Judgment relief; and

6. Whether Plaintiff has plead any plausible claims allowing recovery of punitive damages against  Lt. Boothe and/or Chief Kowalski.

## III.
## EXHIBITS

Defendants request the Court to consider and/or take judicial notice of the attached exhibits. To assist the Court in locating reference(s) in Plaintiff's COMPLAINT, the following is a footnoted list of the Defendants' fifteen (15) exhibits, as follows:

**DEFENDANTS BOOTHE AND KOWALSKI'S MOTION TO DISMISS**                                              **Page 2**
T:\233\1\1122\73283 Johnson\Pleadings\Defendants\MTD Individuals\Motion to Dismiss Individuals.wpd

1.      Prosper Police Department Preservation Letter to Google dated November 4, 2020,[1] attached as Exhibit No. 1;

2.      Prosper Police Department Preservation Letter to Google dated November 9, 2020,[2] attached as Exhibit No. 2;

3.      AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT and WARRANT FOR CUSTOMER DATA regarding Google, dated March 5, 2021,[3] attached as Exhibit No. 3;

4.      AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT and WARRANT FOR CUSTOMER DATA regarding Google, dated March 8, 2021,[4] attached as Exhibit No. 4;

5.      COMPLAINT [probable cause affidavit] prepared by Lt. Boothe, dated July 19, 2021,[5] attached as Exhibit No. 5;

6.      WARRANT OF ARREST AND DETENTION issued by Judge Smith, dated July 19, 2021,[6] attached as Exhibit No. 6;

7.      AFFIDAVIT FOR SEARCH WARRANT prepared by Lt. Boothe, dated July 19, 2021,[7] attached as Exhibit No. 7;

8.      SEARCH WARRANT issued by Judge Smith, dated July 19, 2021,[8] and RETURN AND INVENTORY dated July 20, 2021, attached as Exhibit No. 8;

9.      Grand Jury Subpoena for Google of November 12, 2020,[9] attached as Exhibit No. 9;

10.     Grand Jury Subpoena for AT&T of March 18, 2021,[10] attached as Exhibit No. 10;

---

[1]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(40), p. 9

[2]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(43), p. 9

[3]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(45), p. 10

[4]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(53), p. 11

[5]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(65), p. 14

[6]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(81), p. 14

[7]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(65), p. 14

[8]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(81), p. 14

[9]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(44), p. 9

[10]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(60), p. 13

11.    Grand Jury Subpoena for Tommy Bahamas Restaurant issued April 15, 2021,[11] attached as Exhibit No. 11;

12.    TRUE BILL OF INDICTMENT filed November 4, 2021,[12] attached as Exhibit No. 12;

13.    Collin County online JAIL RECORDS SEARCH DETAIL regarding Plaintiff's detention on July 20, 2021,[13] attached as Exhibit No. 13;

14.    Collin County online REGISTER OF ACTIONS for Case No. 296-84763-2021, *State of Texas v. Leonard H. Johnson, II*,[14] attached as Exhibit No. 14; and

15.    Email of November 2, 2020, from Plaintiff[15] identifying sender as "city council" and using prospercitycouncil@gmail.com, attached as Exhibit No. 15.

There are two avenues for proper consideration of the foregoing exhibits. First, some of these records can be public records. FED. R. EVID. 201(b) and *Turner v. Lieutenant Driver*, 848 F.3d 687, 692 n.63 (5th Cir. 2017)(quoting *Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962)). Second, these documents are referenced throughout Plaintiff's COMPLAINT and are central to his claims and the independent-intermediary doctrine, and thus, are proper for consideration in a Motion to Dismiss. See, i.e., *Polnac v. City of Sulphur Springs*, No. 4:20-CV-666, 2022 WL 1297184, 2022 U.S. Dist. LEXIS 78443, at *8-9 (E.D. Tex. Apr. 29, 2022).


# IV.
# PERTINENT FACTUAL BACKGROUND

For purposes of dismissal under FED. R. CIV. P. 12(b)(6), the following are pertinent facts gleaned from Plaintiff's lawsuit and foregoing exhibits.

---

[11]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(60), p. 12-13

[12]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(83), p. 18.  This is also a public record

[13]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(82), p. 18.  This is also a public record

[14]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(86), p. 19.  This is also a public record

[15]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(34), p. 7-8

The Town of Prosper is a Texas home rule municipality located in Collin County, Texas.[16]
Paul Boothe, before his retirement, was a Lieutenant with the Town of Prosper Police Department.[17]
He has been a Licensed Peace Officer since 1984.[18] Doug Kowalski is the Chief of the Town of
Prosper Police Department.[19] Jeff Hodges was duly elected to the Prosper Town Council Place Five
in May of 2017,[20] and in the Fall of 2020, he was in the midst of a [successful] reelection campaign.[21]

On October 14, 2020, a few weeks before the November 3, 2020, Town Council elections,
the Town received through its website two separate requests [one to the Town and  one to the Police
Department] for certain police records.[22]  The requestor [now known to be the Plaintiff] identified
himself as "Geoff Hodges" using the email address "prospercitycouncil@gmail.com".[23]  This name
["Geoff Hodges"] is, as Plaintiff readily admits, "similar to the name of a Town Councilmember for
Place 5, Jeff Hodges."[24]   The request to the Town asked for:

> "(1) an organizational chart for the Police Department; (2) a list of the Department's
> exempt personnel; (3) the name and term of employment of PPD's public records
> officer; (4) how the public records officer was hired; and (5) the on-duty hours for
> PPD officers who have a rank above patrol officer."[25]

The request to the Police Department sought:

---

[16]Plaintiff's COMPLAINT [Dkt. 1], paragraph II(6), p. 2

[17]Plaintiff's COMPLAINT [Dkt. 1], paragraph II(7), p. 2

[18]Ex. 5, p. 1

[19]Plaintiff's COMPLAINT [Dkt. 1], paragraph II(8), p. 2

[20]See, https://www.prospertx.gov/directory.aspx?eid=68

[21]See, https://weareprosper.com/2020/10/16/meet-the-prosper-town-council-candidates/; see also, Ex. 5

[22]Plaintiff's COMPLAINT [Dkt. 1], paragraphs IV(B)(23), (26), p. 5-6; Ex. 5, p. 2

[23]Plaintiff's COMPLAINT [Dkt. 1], paragraphs IV(B)(27)-(31), p. 6-7; Ex. 5, p. 2-5

[24]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(29), p. 6

[25]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(24), p. 5

(1) the total number of criminal investigations opened per year for the last five years; (2) the number of cases closed by each investigator for those years; and (3) the names of the investigators who closed the cases.[26]

The Town Public Information Clerk [Deavin Reaves] who processes Public Information Act requests reasonably presumed these requests were from Council member Jeff Hodges,[27] and in accordance with protocol, she advised her supervisors, Lt. Boothe and Chief Kowalski about same.[28] Chief Kowalski first contacted the City Manager, then contacted Councilmember Jeff Hodges.[29] Councilmember Hodges confirmed he was not the person requesting the records.[30] Not surprisingly, Councilmember Hodges was very concerned that "someone could be using his identity to conduct nefarious acts that may include scams or misrepresentations that potentially harm his reputation and/or the Town."[31] Councilmember Hodges requested that the Police Department investigate this matter,[32] not the Town Council as Plaintiff incorrectly avers, premised "on information and belief."[33]

While concern about the impersonation of Councilmember Hodges was evolving, on October 27, 2020, in two separate letters, the Requestor [the Plaintiff] was provided a link to the organizational chart, given the name of the employee responsible for fulfilling PIA requests, and advised the Town of Prosper was not required to compile statistics or create a new document in

---

[26]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(25), p. 5-6

[27]Ex. 5, p. 3;  *cf,* Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(36), p. 8

[28]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(36), p. 8; Ex. 5, p. 3

[29]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(37), p. 8; Ex. 5, p. 3

[30]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(37), p. 8; Ex. 5, p. 3

[31]Ex. 5, p. 3

[32]Ex. 5, p. 3

[33]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(38), p. 8

response to a request.[34]   Plaintiff was "unsatisfied with this response",[35] so on Monday, November 2, 2020 [the day before Town Council elections] Plaintiff, using the same fake email address, [prospercitycouncil@gmail.com] sent an unsigned email which appears to be from "city council"[36] to a variety of elected officials [including real Councilmember/candidate Jeff Hodges] and others to "escalate his concerns" and admitting [but still not revealing his true identity] that he was using a false name and email account.[37]   The tenor of the email was menacing, hinting Plaintiff knew the election was the next day ["*I know everyone has more important things to work on*"][38] then relaying "*However, I have ran into an issue and would like your help to resolve it before further escalation*"[39], "*If don't get a timely response, then I'll make the natural assumption that escalation is my only path,*"[40] and "*If I don't get resolution, then I will have no option but to escalate to the Texas Attorney General.*"[41]   He alluded to "*criminal penalties*", relayed that "*At this point, I am was trying to figure out - what exactly was the town trying to hide* ?"[42] and "*Is there something the city is hiding* ?"[43] He wrote that statements provided to him about his prior requests "*is an outright lie.*"[44]

---

[34]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(32), p. 7

[35]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(34), p. 7-8

[36]Ex. 15

[37]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(34), p. 7-8, Ex. 15

[38]Ex. 15

[39]Ex. 15

[40]Ex. 15

[41]Ex. 15

[42]Ex. 15

[43]Ex. 15

[44]Ex. 15

Lt. Boothe, on November 4, 2020, as part of the nascent criminal investigation sent a document preservation letter to Google for the "prospercitycouncil@gmail.com" email.[45] On the day of the election [November 3, 2020] and the day after, using a different fake name ["Sam Kingston"] and different email address [samk38043@gmail.com] Plaintiff sent another request for Town of Prosper police records, this time seeking:

> "organizational charts, a list of exempt employees, core business hours for sergeants and lieutenants, and the personnel file for Devin Reaves."[46]

Recognizing that the "Sam Kingston" request sought some of the same police record as the yet identified suspect in the ongoing investigation, on November 9, 2020, Lt. Boothe sent a document preservation letter to Google for the email affiliated with "Sam Kingston."[47]

In addition to the Prosper Police Department investigation, the Collin County Grand Jury issued its own subpoenas for evidence about the potential impersonation of a public servant.[48] Specifically, the Foreman of the 366th Grand Jury issued a Grand Jury Subpoena on November 12, 2020, to Google for the samk38043@gmail.com account information[49], the Foreman of the 366th Grand Jury issued a Grand Jury Subpoena on March 18, 2021, to AT & T for records[50], and the Foreman for the 416th Grand Jury issued a Grand Jury Subpoena on April 15, 2021, to Tommy Bahama's Restaurants for records.[51]

---

[45]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(40), p. 9; Ex. 1

[46]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(41)-(43), p. 9; Ex. 1

[47]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(43), p. 9; Ex. 2

[48]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(44), p. 9-10; Ex. 9, 10, 11

[49]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(44), p. 9;  Ex. 9

[50]Ex. 10

[51]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(59), p. 13;  Ex. 11

During this same general time period, and specifically on March 5, 2021, Lt. Boothe prepared a detailed AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT for records from Google, LLC about the "prospercitycouncil@gmail.com account.[52]  It was presented to Hon. Benjamin Smith that same date.[53]  Judge Smith is the duly elected District Judge for the 380th District Court of Collin County, Texas.[54]  He has served as the Judge of the 380th District Court since 2012, and was previously Chief Felony Prosecutor in the Collin County District Attorney's Office and an Assistant District Attorney in Kaufman County.[55]  After reviewing the AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT, Judge Smith issued a WARRANT FOR ELECTRONIC CUSTOMER DATA for the prospercitycouncil@gmail.com account and an ORDER PRECLUDING SUBSCRIBER NOTIFICATION.[56]

On March 8, 2021, Lt. Boothe prepared a detailed AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT for records from Google, LLC about the samk38043@gmail.com account.[57] After reviewing the AFFIDAVIT AND APPLICATION FOR SEARCH WARRANT, Judge Smith issued a WARRANT FOR ELECTRONIC CUSTOMER DATA for the samk38043@gmail.com account along with an ORDER PRECLUDING SUBSCRIBER NOTIFICATION.[58]

Lt. Boothe carefully evaluated the information obtained through the various subpoenas,

---

[52]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(45), p. 10; Ex. 3; Ex. 5

[53]Ex. 3

[54]https://www.collincountytx.gov/Courts/District-Courts/380dc and https://www.facebook.com/judgebensmith/

[55]https://www.facebook.com/judgebensmith/ and https://starlocalmedia.com/mckinneycouriergazette/news/smith-on-the-job-as-380th-district-court-judge/article_75bd 4132-1a48-5d6c-a3cb-6a6df7ab3255.html

[56]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(45), p. 10; Ex. 3; Ex. 5

[57]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(53), p. 10; Ex. 4; Ex. 5

[58]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(53), p. 10; Ex. 4; Ex. 5

witness interviews and statements [including, among others, the Plaintiff's wife who worked in the Town of Prosper Police Department],[59] and other sources, confirming that Plaintiff was indeed the very same person who used the fake names "Geoff Hodges" and "Sam Kingston" with the two associated emails addresses "prospercitycouncil@gmail.com and samk38043@gmail.com.[60]

On July 19, 2021, Lt. Boothe prepared his comprehensive COMPLAINT setting out the existence of probable cause to request a warrant for the arrest of Plaintiff for the Felony offense of Impersonating a Public Servant in violation of Texas Penal Code Section 37.11(a)(1).[61] For example, Lt. Boothe described the factual basis for the statement that the "SUSPECT using the name Geoff Hodge created the listed Gmail account of prospercitycouncil@gmail.com"[62] Lt. Boothe described that "Upon creating the account, the SUSPECT then created and submitted the following online Public Information Requests (PIR) [listing the submitted requests]."[63] He fully explained how the "SUSPECT consistently identified himself using a modified name resembling that of Town of Prosper Councilman Jeff Hodges, who was and still is, a current public servant and elected official serving on the Town Council Place 5."[64] There was discussion about the receipt of the Public Information Act requests by civilian employee in the Prosper Police Department [Devin Reaves] and her reasonable belief that "these [PIR] were official requests from Town Councilman Jeff Hodges".[65] Lt. Boothe described the interactions between Chief Kowalski and Councilman Hodges about the

---

[59]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(D)(62), p. 13;  Ex. 5

[60]Plaintiff's  COMPLAINT [Dkt. 1], paragraphs IV(D)(60), p. 13, and IV(B)(64), p. 14;  Ex. 5

[61]Plaintiff's COMPLAINT [Dkt. 1], paragraphs IV(D)(65), p. 14, (70), p. 15, (72)-(74), p. 16; and  Ex. 5

[62]Ex. 5, p. 2

[63]Ex. 5, p. 2

[64]Ex. 5, p. 2

[65]Ex. 5, p. 3

request for police records, confirming that Councilman Hodges did not submit the request.[66] Notably, Lt. Boothe clearly explained:

> Further, Town of Prosper Councilman Hodges became concerned that someone could be using his identity to conduct nefarious acts that may include scams or misrepresentations that could potentially harm his reputation and/or the Town. At this time, Town of Prosper Councilman Hodges requested that the Prosper Police Department conduct a full investigation and expressed the desire to identify and prosecute the person representing himself as Town of Prosper Councilman Jeff Hodges to induce agents of the Town of Prosper and the Prosper Police Department to submit to the pretended authority of the requestor and cause the release of the requested information.[67]

Lt. Boothe discussed the November 2, 2020, email in which Plaintiff ["SUSPECT"] admitted to using a fictitious name and fictitious email account to submit records requests in an attempt to obtain official government records."[68]  The creation and use of the name and email for Sam Kingston was detailed.[69] There was an exhaustive discussion of the requests for and results of the various search warrants for evidence about the Suspect/Plaintiff.[70]  Lt. Boothe also included information about Plaintiff's cellphone call with Town Councilman Marcus Ray wherein the Plaintiff made his "unsolicited confession to Mr. Ray that he [Suspect/Plaintiff] was the person who had submitted the open records requests, using the Gmail address prospercitycouncil@gmail.com and the name Geoff Hodges to represent himself to Town officials for the purpose of seeking records from the Town of Prosper and the Prosper Police Department."[71]

---

[66]Ex. 5, p. 3

[67]Ex. 5, p. 3

[68]Ex. 5, p. 3

[69]Ex. 5, p. 4

[70]Ex. 5, p. 4-5

[71]Ex. 5, p. 5

Lt. Boothe also prepared a comprehensive AFFIDAVIT FOR SEARCH WARRANT, again setting out the existence of probable cause for the issuance of a search warrant for identified evidence.[72] Both were presented to Judge Smith.[73] After carefully reviewing the COMPLAINT and AFFIDAVIT FOR SEARCH WARRANT, Judge Smith concluded that probable cause existed to arrest the Plaintiff for the Felony offense of Impersonating a Public Servant in violation of Texas Penal Code Section 37.11(a)(1) and to search for instrumentalities of such crime.[74] Judge Smith, on July 19, 2021, issued the WARRANT OF ARREST AND DETENTION for the Plaintiff[75] as well as a SEARCH WARRANT for the premises at 8100 Dock Street in Frisco, Texas.[76] Pursuant to the WARRANT OF ARREST AND DETENTION, the Plaintiff was arrested on July 20, 2021.[77] Simultaneously, the SEARCH WARRANT was effectuated and the listed items seized.[78]

The 417th Grand Jury of Collin County carefully considered all of the evidence and then indicted the Plaintiff on November 4, 2021, for the Felony offense of Impersonating a Public Servant in violation of Texas Penal Code Section 37.11(a)(1).[79] The TRUE BILL OF INDICTMENT, in pertinent part, alleged that on October 14, 2020, the Plaintiff did:

> then and there impersonate a public servant, namely Jeff Hodges, a Prosper City Councilman, with intent to induce Devin Reaves to submit to the pretended official authority of the defendant or to rely on the pretended official acts of the defendant by

---

[72] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(65), p. 14; Ex. 7

[73] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(81), p. 18; Ex. 5-8

[74] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(81), p. 18; Ex. 5-8

[75] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(81), p. 18; Ex. 6

[76] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(81), p. 18; Ex. 8

[77] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(82), p. 18; Ex. 6, p. 2; Ex. 13

[78] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(82), p. 18; Ex. 8

[79] Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(83), p. 18; Ex. 12

sending open records requests to the Prosper Police Department in attempt to obtain police records[80]

The criminal case was thereafter filed on November 4, 2021, in the case styled *State of Texas v. Leonard H. Johnson, II* under Case No. 296-84763-2012, in the 296th District Court of Collin County, Texas.[81]   Waiting a year, Plaintiff's criminal defense Counsel filed a Motion to Quash on November 7, 2022, to which the State apparently offered no objection, and it was granted that day.[82]


# V.
## STANDARD OF REVIEW

The applicable standard of review is set forth in the TOWN OF PROSPER'S MOTION TO DISMISS [Dkt. 9], paragraph V, pages 4-6, and is incorporated herein as if full set forth.


# VI.
## PLAINTIFF'S COMPLAINT FAILS TO STATE ANY PLAUSIBLE FEDERAL  CLAIMS AGAINST CHIEF KOWALSKI AND LT. BOOTHE

Even viewing the Plaintiff's allegations in the light most favorable to him, he has failed to allege any plausible claims against Lt. Boothe and/or Chief Kowalski.  This assertion is six-fold. First, absent from the COMPLAINT is any non-conclusory allegation that Chief Kowalski had legally significant personal involvement in any pertinent aspect of the investigation, arrest, or indictment of Plaintiff or that Chief Kowalski was deliberately indifferent in his supervision of Lt. Boothe. Second, Plaintiff's claims are untenable because the causal chain was broken - twice - when probable cause for search of his property then his arrest was determined by a State District Court Judge and

---

[80]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(83), p. 18;  Ex. 12

[81]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(86), p. 19;  Ex. 14

[82]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(E)(87), p. 19;  Ex. 14

again when the Plaintiff was indicted by a Grand Jury.  There are no non-conclusory or legally significant allegations that Lt. Boothe [and certainly not Chief Kowalski] somehow "tainted" the detailed probable cause process, at either its inception with a Judge or fruition with a Grand Jury. But even if the causal chain were not broken by the dual Judicial and Grand Jury review, Plaintiff's own allegations, underscored by the probable cause affidavits, confirm that far more than ample probable cause existed to search for evidence, then arrest and indict him for the Felony offense of Impersonating a Public Servant.   Third, Plaintiff has not plausibly alleged any Fourth Amendment claim(s) against Lt. Boothe and/or Chief Kowalski.  Fourth, Plaintiff has not plausibly alleged any First Amendment retaliation claim against Lt. Boothe and/or Chief Kowalski.  Fifth, Plaintiff does not have a viable claim for any Declaratory Judgment relief. Sixth and finally, Plaintiff has no plausible claim for punitive damages against Chief Kowalski or Lt. Boothe.

### A.  Plaintiff cannot prevail against Chief Kowalski because Plaintiff does not plausibly allege that Chief Kowalski had any legally significant personal involvement in the investigation, arrest, and indictment of Plaintiff

It is fundamental that to be liable under §1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir.1983).  It is also well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under §1983. *See Monell v. Department of Social Services,* 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor,* 834 F.2d 1213, 1220 (5th Cir.1988) *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 108 (1988); *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985)(per curiam). Simply put, to assert a claim under §1983 against a defendant in his individual capacity, "a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation." *Reyes v. Salazr*, No. SA-20-CV-01258-XR, 2020 U.S. Dist. LEXIS 202539, 2020 WL

6384735, at *2 (W.D. Tex. Oct. 30, 2020)(citing *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017); *Jones v. Lowndes Cty., Miss*., 678 F.3d 344, 349 (5th Cir. 2012)). Importantly, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

Plaintiff does not sufficiently [nor correctly] allege any personal involvement of Police Chief Kowalski in any legal significant aspect of this case.  Plaintiff provides preliminary background information about the Chief and supervision of Plaintiff's wife - which is wholly irrelevant.  Plaintiff goes on to aver that Chief Kowalski spoke with the City Manger and Councilmember Hodges about the Public Information Act requests, and then <u>incorrectly</u> asserts that the "Prosper Town Council, acting as the final policymaker for the Town of Prosper, officially directed PPP Chief Kowalski to begin an investigation into Plaintiff's identity".[83]   Included in allegations against Lt. Boothe is a single claim that he [Lt. Boothe] acted "with the knowledge and approval of Kowalski"[84] but there is no factual basis for this contention.  The bottom line is that Plaintiff does not, because he cannot, allege that Chief Kowalski was actively involved in any activities which infringed upon Plaintiff's rights.  Put bluntly, Plaintiff's allegations against the Chief amount to nothing.  Being the Town Police Chief - but not directly involved in Plaintiff's investigation, arrest, and indictment - does not rise to the level of required involvement which would subject Chief Kowalski to any liability herein. Plaintiff's problem is underscored by the attached Exhibits confirming that Chief Kowalski did not apply for the warrants and subpoenas about which Plaintiff complains nor was the Chief involved in Plaintiff's arrest or later indictment.  There are no allegations of sufficient personal involvement of Chief Kowalski which support his continued inclusion in this lawsuit.

---

[83]Compare, Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(38), p. 8 to Ex. 5 confirming investigation was commenced at request of Councilmember Hodges individually.

[84]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(68), p. 15

Plaintiff's attempt to foist some type Supervisory Liability onto Chief Kowalski also fails. A police chief not personally involved in the acts that deprived a plaintiff of his constitutional rights is liable under section 1983 only if:  (1) the police chief failed to train the officers involved; (2) there is a causal connection between the alleged failure to train and the alleged violation of the plaintiff's rights; and (3) the failure to train constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson*, *Thompson v. Upshur County, Texas,* 245 F.3d 447, 459 (5th Cir. 2001).

"[D]eliberate indifference is a stringent standard of fault," requiring proof that the supervisory officer "disregarded a known or obvious consequence of his action." *Walker v. Upshaw*, 515 Fed. Appx. 334, 339 (5th Cir. 2013) (per curiam) (quoting *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381) (5th Cir. 2005) (internal quotation marks omitted). "Actions and decision by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Estate of Davis*, 406 F.3d at 381 (quoting *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)). "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson*, 245 F.3d at 459 (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998)).

Plaintiff's COMPLAINT fails to allege that Chief Kowalski failed to train Lt. Boothe, or for that matter, any Prosper Police personnel.  Plaintiff does not allege that there was a causal connection between any alleged failure to train Lt. Boothe and an alleged violation of his constitutional rights. And Plaintiff wholly fails to allege any facts that such [unplead] failure constituted deliberate indifference to Plaintiff's constitutional rights. The absence of allegations of particularized personal involvement by Chief Kowalski or facts remotely supporting supervisory liability require dismissal of Chief Kowalski without even consideration of his other compelling immunities and bars from suit.

**B.      The Independent Intermediary doctrine bars Plaintiff's claims**

The Fifth Circuit applies the "independent intermediary doctrine" to claims that a search or detention occurred without legal process. *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548 (5th Cir. 2016); *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 813 (5th Cir. 2010).  Under such doctrine, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation' for the Fourth Amendment violation." *Jennings v. Patton,* 644 F.3d 297, 300-01 (5th Cir. 2011)(quoting *Cuadra,* 626 F.3d at 813).  This rule applies "even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler,* 824 F.3d 548 "'[B]ecause the intermediary's deliberations protect even officers with malicious intent,' a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission," thereby "tainting" the independent intermediary's decision.  *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).  Plaintiff is required to allege such a "taint" along with "other facts supporting the inference" that such a taint existed. *Id.* at 690.

**(1)      Criminal offense of Impersonating a Public Servant**

The criminal offense of Impersonating a Public Servant is contained in Texas Penal Code Section 37.11, which provides:

(a)      A person commits an offense if the person:

(1)      impersonates a public servant with intent to induce another to submit to the person's pretended official authority or to rely on the person's pretended official acts; or

(2)      knowingly purports to exercise, without legal authority, any function of a public servant or of a public office, including that of a judge and court.

TEX. PENAL CODE SECTION 37.11(a). See also, *Luera v. Kleberg Cnty. Tex.*, 460 F. App'x 447, 450 (5th Cir. 2012).

The purpose of section 37.11 of the Texas Penal Code is to protect the public from persons impersonating public servants. *Williams v. State*, No. 01-95-01278-CR, 1996 WL 1121441, 1996 Tex. App. LEXIS 1042, at 4-5 (Tex. App. - Houston [1st Dist.] Mar. 14, 1996).   To meet the element of "submit to the person's pretended official authority", the actor need not succeed in inducing anyone to submit to his assumed authority; all that is required is the impersonation and the intent. See, *Dietz v. State*, 62 S.W.3d 335, 340 (Tex. App.-Austin 2001, pet. ref'd).   Nor does the offense require "that an accused have a motive for such an act, or that the accused benefit by the act, or that another suffer harm." *Jones v. State*, 01-85-161-CR, 01-85-162-CR, 01-85-163-CR, 01-85-164-CR, 01-85-305-CR, 1986 Tex. App. LEXIS 12284, at *4 (Tex. App. - Houston [1st Dist.] Feb. 26, 1986).

### (2)      Probable cause found by State District Court Judge and Grand Jury

Here, lengthy Probable Cause Affidavits were submitted to a seasoned State District Court Judge who, prior to taking the bench, had been a Chief Felony Prosecutor in the Collin County District Attorney's Office and Assistant District Attorney in Kaufman County.  This was a Judge with a long background in criminal law who would not disregard the law nor allow issuance of a search warrant or Felony arrest warrant without careful scrutiny and to ensure probable cause existed. The State District Court Judge carefully reviewed the facts detailed in the Probable Cause Affidavits, determined that probable cause existed for the issuance of evidentiary subpoenas, but more importantly, determined that probable cause existed for the arrest of the Plaintiff for the Felony criminal offense of Impersonating a Public Servant. Later, the Collin County District Attorney's Office also reviewed the case, submitted it to a Grand Jury for their independent consideration and determination of probable cause, and an INDICTMENT was issued and filed, initiating a criminal case.

Recall, too, that the Collin County Grand Jury issued its own subpoenas and [presumably] evaluated evidence gathered in response to same. Plaintiff's pure conjecture that Lt. Boothe was somehow able to steer the Grand Jury in a particular direction is rebuked by the Grand Jury's actions to independently investigate and reach their own conclusions about Plaintiff's criminal conduct. Even if Plaintiff could muddle the facts regarding the Judge's determination of probable cause, he cannot do so regarding independent Grand Jury review of the evidence and resulting INDICTMENT.

When probable cause was found by the District Court Judge and an INDICTMENT was issued by the Grand Jury, the causal chain was broken [twice] and there can be no liability against the person(s) involved. *De Angelis v. City of El Paso*, 265 Fed. App'x 390, 396 (5th Cir. 2008)("this court has held that 'if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the arresting party'")*; Conrad v. Krc*, No. 6:15-CV-77, 2016 U.S. Dist. LEXIS 142938, 2016 WL 5853738, at *7 (E.D. Tex. June 17, 2016), aff'd, 678 F. App'x 236 (5th Cir. 2017)(dismissing Plaintiff's §1983 claim for retaliation in violation of Plaintiff's First Amendment rights because "Conrad was also indicted by a grand jury for the offense of Assault on a Public Servant. Defendants have shown probable cause for the charges pursued against Conrad."); *Vann v. Paxton*, 4:18-cv-00570, 2019 WL 4392527, 2019 U.S. Dist. LEXIS 127672, at *27-28 (E.D. Tex. Apr. 18, 2019)("Furthermore, Plaintiff was indicted by a grand jury for possession of a controlled substance. [citing *Conrad*]. Accordingly, even assuming the Plaintiff was arrested in retaliation for his comments to Officer Chambers, his claim necessarily fails because he has no right to be free from a valid arrest that is also motivated by ulterior reasons and supported by probable cause. Plaintiff cannot prove he was engaged in a protected form of First Amendment expression; he cannot prove a constitutional violation in connection with Officer Chambers's conduct."), report and

recommendation adopted, *Vann v. Paxton*, 4:18-cv-00570, 2019 WL 3451012, 2019 U.S. Dist. LEXIS 127453 (E.D. Tex. July 31, 2019).   As a result, Plaintiff's Fourth Amendment claims for illegal search and false arrest and his First Amendment retaliation claim are facially implausible.

### (2)     Plaintiff's allegations of "taint" are conclusory and incorrect

Plaintiff's mantra about taint and alleged omissions of "exonerative facts" offers the following examples:

\*     Plaintiff used a gmail account instead of a "official government account"[85]

\*     Plaintiff never signed his emails as Geoff Hodges[86]

\*     The March 5, 2021, PC Affidavit for Search Warrant does not "clarify or explain that Plaintiff was requesting public records under the TPIA."[87] and that Lt. Boothe never uses specific words "public records or references the Texas Public Information Act; nor does he ever acknowledge that Plaintiff - despite his use of a pseudonymous name and email - was following the lawful process for requesting records from a governmental body."[88]

\*     Lt. Boothe omitted Plaintiff's explanation that he used fake name/email address to "maintain his anonymity - not to impersonate Council Member Jeff Hodges or wield any pretended authority he did not have."[89]

\*     Lt. Boothe omitted policy language from the Texas Public Information Act about treating all requests for information equally.[90]

\*     Lt. Boothe omitted what "pretended official authority" Plaintiff "wielded that was different from the authority which any other member of the public possessed under

---

[85]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(31), p. 7

[86]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(B)(31), p. 7; paragraph IV(B)(48), p. 10;  IV(B)(78), p. 17

[87]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(46), p. 10

[88]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(49), p. 7-8

[89]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(47), p. 10; see also, paragraph IV(E)(78), p. 17;

[90]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(50), p. 11; paragraph IV(E)(70), p. 15

the TPIA."[91]

\*        March 8, 2021, PC Affidavit for Search Warrant "added outright false allegation" that because the personnel records requested under fake name "Sam Kingston" were law enforcement-sensitive, the Town was entitled to verify the requestor's identity and that the suspect [Plaintiff] refused to present/identify himself and prove the right to access the information.[92]

Plaintiff's parsing of words and phrases does not render the probable cause affidavits defective nor certainly demonstrate that Lt. Boothe acted with a malicious motive which led him to withhold relevant information or otherwise misdirect the independent intermediary [Judge Smith] by omission or commission.  Plaintiff's tepid examples, when compared to Lt. Boothe's detailed inclusion of objective information in the various requests to the tenured District Court Judge for subpoenas and warrants falls flat.

The Plaintiff would hold the probable cause process to a heightened level of factual detail [and scholarly discourse about the Public Information Act] which is not required, nor should it be. The esoteric arguments, to the extent they are even well founded in the law, he now offers to try to explain away his deception may be interesting in trial to argue the State cannot prove beyond a reasonable doubt, but they do not rise to the level of materiality negating two independent findings of threshold probable cause to charge Plaintiff with Impersonating a Public Servant.

C.        **Plaintiff has failed to allege any claims which would overcome Chief Kowalski and Lt. Boothe's entitlement  to Qualified Immunity**

Plaintiff cannot demonstrate any conduct of Lt. Boothe and/or Chief Kowalski which would defeat their entitlement to qualified immunity.

---

[91]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(51), p. 11

[92]Plaintiff's COMPLAINT [Dkt. 1], paragraph IV(C)(55), p. 12; see also paragraph IV(B)(80), p. 17-18

### 1.    The Defense of Qualified Immunity

Qualified immunity protects officials from suit and liability unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 565 U.S. 535, 547, 132 S. Ct. 1235, 182 L.Ed.2d 47(2012)(quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L.Ed.2d 1149).

When a defendant asserts qualified immunity, the burden then shifts to the Plaintiff to rebut this defense. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc)(per curiam).  "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012).

The Court, when evaluating a qualified immunity defense, conducts a "well-known" two-prong inquiry or two-part test. *Bazan ex rel. Bazan v. Hidalgo Cty*., 246 F.3d 481, 490 (5th Cir. 2001); *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016).  "In order to overcome a qualified immunity defense, a plaintiff must allege a violation of a constitutional right, and then must show that 'the right was clearly established . . . in light of the specific context of the case.'" *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014)(quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Furthermore, the Court "may address these two elements in either order, and need not proceed to the second where the first is resolved in the negative." *Id*. (citations omitted).

Regarding this second prong, "If the defendants actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the

defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'". *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). The second prong analysis is better understood as involving two separate inquiries: first, whether the allegedly violated Constitutional rights were clearly established at the time of the incident; and second, if so, whether the conduct of Defendant was objectively unreasonable in the light of the clearly established law existing at that time. *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998)(en banc).

A law enforcement officer is entitled to qualified immunity if he can establish that his conduct was lawful in light of clearly established law and the information he possessed. Therefore, the ultimate question regarding the determination of whether Chief Kowalski and Lt. Boothe are entitled to qualified immunity herein is whether a reasonable peace officer could have believed that their actions were lawful in light of clearly established law and the information possessed by them at the time and whether a reasonable officer identically situated could have believed that the the investigation and arrest of the Plaintiff was objectively reasonable. *Saucier v. Katz,* 533 U.S. 194, 210 (2001); see also, *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

### 2.    Plaintiff cannot plead any cognizable Fourth Amendment claims which overcome Lt. Boothe and/or Chief Kowalski's Qualified Immunity

"Police officers who 'reasonably but mistakenly conclude that probable cause is present' are entitled to qualified immunity." *Mangieri v. Clifton,* 29 F.3d 1012, 1016 (5th Cir. 1994)(quoting *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S. Ct. 534,116 L. Ed. 2d 589 (1991)). Plaintiff cannot prevail on his Fourth Amendment "illegal search" or "false arrest" theories for two equally compelling reasons. First, as detailed above, the causal chain was broken twice. But even without the causation problem, as the attached exhibits establish, the Plaintiff was indeed committing the criminal offense for which he had been arrested and subsequently indicted.

### (a)   Clearly established law: Fourth Amendment search and arrest

The "touchstone" of Fourth Amendment analysis "is always the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Pennsylvania v. Mimms*, 434 U.S. 106, 108-09, 98 S. Ct. 330, 54 L. Ed. 2d 331 (1977)(per curiam). "Reasonableness, of course, depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers," *Id*. at 109 (internal quotation marks omitted), and "is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39, 117 S. Ct. 417, 136 L. Ed. 2d 347 (1996). Equally important is that "The Constitution does not guarantee that only the guilty will be arrested, for if it did, §1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 146 (1979); see also, *Sanchez v. Swyden*, 139 F.3d. 464, 468 (5th Cir. 1998)(cleaned up).

The Fifth Circuit makes it clear that the constitutional torts of false arrest, unreasonable seizure and false imprisonment require a showing of *no probable cause. Brown v. Lyford,* 243 F.3d 185, 189 (5th Cir. 2001); *Haggerty v. Texas Southern University*, 391 F.3d 653, 656 (5th Cir. 2004). Similarly, "A false-imprisonment claim is based upon 'detention without legal process.'" *Winfrey v. Rogers*, 882 F.3d 187, 197 (5th Cir. 2018)(quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Moreover, "Under the Fourth Amendment, an arrest is reasonable if supported by probable cause." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir. 2006) (citing *Atwater v. City of Lago Vista*, 195 F.3d 242, 244 (5th Cir. 1999) (en banc)). In order to support a claim for unlawful arrest, Plaintiff must show that he was arrested without probable cause. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 481 (5th Cir. 1999).

(b)      **Plaintiff's judicial admissions and attached records confirm probable cause existed to search, arrest and indict Plaintiff**

Probable cause "exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found." *Washington v. State,* 660 S.W.2d 533, 535 (Tex. Crim. App. 1983); *Hyland v. Sate*, 574 S.W. 904 (Tex. Crim. App. 2019). By its terms, TEX. PENAL CODE §37.11(a)(1) is violated when an individual impersonates a public servant with the intent that someone rely on his pretended official acts or authority; and the actor need not succeed in inducing anyone to submit to or rely on his assumed authority; all that is required is the impersonation and the intent. *Dietz v. State*, 62 S.W.3d 335, 340 (Tex. App. Austin Dec. 6, 2001, pet. ref'd).

Here, the Probable Cause Affidavits more than amply set out facts that Plaintiff was impersonating a public servant [Town Councilmember Hodges] with the intent that someone [Town of Prosper] rely on his pretended official acts or authority. The fact that the criminal charge was later dismissed does not in any way detract from the existence of probable cause.

3.      **Plaintiff cannot plead any cognizable First Amendment retaliation claim which overcome Lt. Boothe and/or Chief Kowalski's Qualified Immunity**

Under Plaintiff's approach, as long as a person is making a request for governmental records they can act with impunity under the auspices of the First Amendment, even to the point of running afoul of the Texas Penal Code.  But the First Amendment does not preclude law enforcement investigations based on probable cause. Like his Fourth Amendment claims, Plaintiff's First Amendment retaliation claim cannot survive Rule 12(b)(6) dismissal.

    **(a)**    **Clearly established law regarding First Amendment retaliation in the criminal prosecution context**

There are three elements a plaintiff must establish in order to make out a viable First Amendment retaliation claim in the context of a criminal prosecution. *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002). A plaintiff must show (1) he was engaged in a constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *Id.*; *Izen v. Catalina,* 398 F.3d 363, 367 (5th Cir. 2005). In addition, the plaintiff must establish each element of common law malicious prosecution. *Id.* at 260 (citing *Johnson v. La. Dep't of Agric.,* 18 F.3d 318, 320 (5th Cir. 1994). "To defeat a plaintiff's prima facie First Amendment retaliation claim, a defendant must show that [he] would have taken the same action regardless of the plaintiff's protected conduct." *Dickinson Leisure Indus., Inc. v. City of Dickinson*, 329 F. Supp. 2d 835, 846-47 (S.D. Tex. 2004).

The Supreme Court has recognized the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006). However, a retaliation claim is only applicable "when non-retaliatory grounds are in fact insufficient to provoke the adverse consequences." *Id.*

    **(b)**    **Plaintiff fails to plausibly plead that Lt. Boothe and/or Chief Kowalski retaliated against the Plaintiff**

Plaintiff alleges that Lt. Boothe, purportedly at/on the direction of Chief Kowalski, investigated Plaintiff in retaliation for engaging in First Amendment protected activity, i.e., Plaintiff's submission of requests for information under the Public Information Act. However, as the exhibits underscore, the investigation of Plaintiff was conducted for objectively reasonable and

valid law enforcement purposes, i.e., investigation of possible impersonation of an elected official. This negates Plaintiff's ability to proceed under a First Amendment retaliation theory. Simply put, Plaintiff's pleadings fail to demonstrate the Lt. Boothe's and/or Chief Kowalski's [if even any at all] actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct, but instead show reasonable and diligent efforts to investigate possible criminal offenses. Thus, Plaintiff's First Amendment retaliation claim should be dismissed for this reason as well.

        **(c)**      **Law was not clearly established/beyond debate that Plaintiff could not be investigated and prosecuted under these facts**

Even if the Plaintiff could establish a violation of his constitutional rights [which is denied], Lt. Boothe and Chief Kowalski are nevertheless entitled to dismissal of Plaintiff's claims against them based upon Plaintiff's failure to plead or prove a violation of his constitutional rights by each of the individual defendants that was ""clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. at 735, as cited in *Jackson v. City of Hearne, Tex,* 959 F.3d 194, 200 5th Cir. 2020). "[A] defendant is entitled to qualified immunity when his conduct is objectively reasonable in light of clearly established law at the time of the conduct at issue." *Jones v. Lamar County*, No. 04:21-CV-00156-SDJ-CAN, 2022 WL 17175071 * 22 (E.D. Tex. September 9, 2022) (citing *Anderson v. Creighton,* 483 U.S. 635, 639 (1987).

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Jackson,* 959 F.3d at 200-01 (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed. 2d 985 (2012)). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Jackson,* 959 F.3d at 201 (quoting *Reichle,* 566 U.S. at 664). And, unless all reasonable officers in the defendant's circumstance would have known that the conduct in question violated the

constitution, the defendant is entitled to qualified immunity. *Thompson v. Upshur City, Tex.,* 245 F.3d 447, 457 (5th Cir.2001).

In this case, Plaintiff fails to point to any authoritative cases law that would have provided fair warning that Lt. Boothe's and/or Chief Kowalski's conduct violated the Constitution under these circumstances. *See, Jackson*, 959 F.3d at 202. The law was not, and still is not, clearly established - and certainly not beyond debate - that a law enforcement agency cannot investigate possible criminal activity surrounding the submission of a Public Information Act request. As recently as January 20, 2023, in *Grisham v. Valenciano*, SA-21-CV-00983, 2023 WL 367216, 2023 U.S. Dist. LEXIS 10775 (W.D. Tex. Jan. 20, 2023), the Western District of Texas concluded that Olmos Park Police Chief Rene Valenciano was entitled to qualified immunity in a First Amendment retaliation case wherein the Plaintiffs [gun rights activists] alleged that the Chief retaliated against them by investigating them and sharing information with other law enforcement agencies. The Court reviewed and analyzed several cases on First Amendment Retaliation [including *Kennan*], 2023 U.S. Dist. LEXIS 10775, at 13-17, then succinctly concluded:

> The Court, therefore, finds [Plaintiffs] have failed to meet their burden to show, beyond debate, "all reasonable officials" in the Chief Valenciano's circumstances would have known his investigation was unconstitutional. *Linicomn v. Hill*, 902 F.3d at 538-39; *Ashcroft v. al-Kidd*, 563 U.S. at 741. Thus, the Court finds Chief Valenciano is entitled to qualified immunity.

This Court, too, should likewise find [if even necessary] that the law was not clearly established that Lt. Boothe and/or Chief Kowalski could not investigate then commence prosecution of Plaintiff for the criminal offense of Impersonating a Public Servant when he actions were done in the context of a Texas Public Information Act request.

> **(d)    Merely because Plaintiff's illegality occurred in connection with submission of a Public Information Act request does not cloak criminal conduct with constitutional protection under the First Amendment**

Plaintiff goes to great lengths to emphasize that his phishing for police records was done in the context of making a request under the Texas Public Information Act - as if the First Amendment provides carte blanche protection to commit criminal acts.  It does not.  A person's First Amendment speech rights are not unqualified. *See Counterman v. Colorado*, 143 S.Ct. 2106, 2114–15 (2023) (discussing the categories of speech not protected by the First Amendment). Importantly, free speech protections do not excuse a person from compliance with an otherwise valid law. *See U.S. v. Allibhai*, 939 F.2d 244, 249–50 (5th Cir. 1991)(applying the "neutral law of general applicability" rational for free exercise cases to other clauses of the First Amendment). Likewise, Plaintiff has no constitutional right to be free from an investigation into his own suspected violations of law. *See United States v. Allibhai,* 939 F.2d 244, 249 (5th Cir.1991); *United States v. Collins,* 972 F.2d 1385, 1395 (5th Cir.1992); *Green v. Dir., TDCJ-CID*, No. CV 6:22-218, 2022 WL 2525432, at *3 (E.D. Tex. June 15, 2022), *report and recommendation adopted sub nom. Green v. Lumpkin*, No. 6:22-CV-218-JDK-JDL, 2022 WL 2496194 (E.D. Tex. July 5, 2022).

Plaintiff crows the he has "extensive knowledge" when it comes to the submission of requests under the Texas Public Information Act and its federal corollary.[93]  If so, then Plaintiff would surely know that his requests information about law enforcement staffing would be prohibited by the Texas Homeland Security Act ("HSA"). See, i.e.,TEX. GOV. CODE Section 418.176(a)(1). This provision is cited [in conjunction with Section 552.101 of Public Information Act] by the Texas Attorney General when holding that staffing information is exempt from public disclosure. See, i.e., 2021 TEX AG. LTR. RUL. LEXIS 4092, at *7-9 (March 10, 2020). Similarly, Section 552.108(b)(1) of the Public Information Act exempts from disclosure the internal records law enforcement agency when their release would interfere with law enforcement and crime prevention.  This provision has

---

[93]Plaintiff's COMPLAINT [Dkt.1], Paragraph IV(A)(12), p. 3

been cited by the Texas Attorney General holding that a request for staffing at a Sheriff's Office was requested.  See, i.e., 2021 TEX. AG. LTR. RUL. LEXIS 9687, at * 3-4 (May 10, 2021). Similarly, his belief that he has an unfettered right to receive law enforcement personnel information, particularly when the employee has elected in writing not to allow the release of such information, is rebuked by several provisions of the Public Information Act. See, TEX. GOV. CODE §552.102 [information in personnel file], §552.117 [home address, home telephone number, or social security number], §552.130 [driver's license number] and §552.024 [electing not to disclose information].

**D**.      **Plaintiff has failed to plead any plausible claims for declaratory relief**

Dismissing the underlying substantive claim against Defendants effectively resolves any dispute as to Plaintiff's request for Declaratory Judgment against them. Declaratory relief is simply unavailable in the absence of some "judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960). Simply put, unless Plaintiff has a valid First or Fourth Amendment claim, he has no basis for the Court to issue any declaratory judgment against the Town of Prosper, Lt. Boothe, or Chief Kowalski.  See, i.e., *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL 3046881, 2017 U.S. Dist. LEXIS 110673, at* n. 9 (N.D. Tex. May 25, 2017).

**E.      Plaintiff has failed to plead any plausible claims for "punitive damages"**

It is well established that a governmental employee cannot be liable for punitive damages unless a plaintiff establishes that the employee acted willfully, intentionally, or with a reckless and callous indifference to plaintiff's civil rights. *Young v. City of New Orleans*, 751 Fed.2d 794, 799-800 (5th Cir., 1985). There are no credible allegation that Lt. Boothe and/or Chief Kowalski acted willfully, intentionally, or with a reckless and callous indifference to Plaintiff's civil rights, precluding the recovery of punitive damages against them.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **PAUL BOOTHE** and **DOUG KOWALSKI** respectfully request this Court to dismiss them from Plaintiff's complaint for failure to state a claim upon which relief can be granted, and for such other and further relief to which such Defendants may show themselves justly entitled.

Respectfully submitted,

By:     /s/ *Robert J. Davis*
        **ROBERT J. DAVIS**
        State Bar No. 05543500
        **J. BAILEY McSHANE**
        State Bar No. 24104388
        **MATTHEWS, SHIELS, KNOTT,**
        **EDEN, DAVIS & BEANLAND, L.L.P.**
        8131 LBJ Freeway, Suite 700
        Dallas, Texas 75251
        972/234-3400 (office)
        972/234-1750 (telecopier)
        bdavis@mssattorneys.com
        bmcshane@mssattorneys.com

        **ATTORNEYS FOR DEFENDANTS**
        **THE TOWN OF PROSPER, TEXAS,**
        **PAUL BOOTHE, and DOUG KOWALSKI**

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2023, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Thomas S. Leatherbury and Peter B. Steffensen.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**