IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LEONARD JOHNSON | § | |
| | § | |
| v. | § | CASE NO. 4:23-cv-650 |
| | § | |
| THE TOWN OF PROSPER, TEXAS, et. al. | § | |

**DEFENDANTS' MOTION TO STAY DISCOVERY
AND ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE
PENDING DETERMINATION OF MOTION TO DISMISS AND IMMUNITY**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Defendants **THE TOWN OF PROSPER, TEXAS, DOUG KOWALSKI,** and **PAUL BOOTHE,** (hereinafter "Defendants") and file their MOTION TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND IMMUNITY, and would show as follows:

**I.
INTRODUCTION AND PENDING MOTIONS TO DISMISS**

This is a Section 1983 lawsuit alleging violations of the First and Fourth Amendments. Plaintiff was arrested pursuant to a warrant based on probable cause and later indicted for impersonating a public servant. Details of Plaintiff's allegations, absence of any plausible constitutional violations, failure to allege viable *Monell* liability against the Town, and Defendants Boothe and Kowalski's entitlement to Qualified Immunity are set forth more fully in LT. BOOTHE AND CHIEF KOWALSKI'S MOTION TO DISMISS [Dkt. 8] and TOWN OF PROSPER'S MOTION TO DISMISS [Dkt. 9]. Defendants request that all discovery, Rule 26 Conferences, Joint Reports, and Management Conference be stayed until the Court has had the opportunity to determine whether the facts alleged by Plaintiff, taken as true, constitute plausible claims which survive legal bars to the claims and/or which can overcome Chief Kowalski and Lt. Boothe's assertion of qualified immunity.

## II.
## APPLICABLE LEGAL STANDARD AND NARROW ISSUE TO BE DECIDED

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ). A court has broad discretion to stay proceedings in the interest of justice and in control of its docket. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

Generally, "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)(citations omitted). However, this "broad discretion" has now been substantially curtailed, if not completely eliminated when there is a pending Motion to Dismiss asserting qualified immunity. See, i.e., *Carswell v. Camp*, 54 F.4th 307 (5th Cir. Nov. 30, 2022); *In Re Paxton*, 60 F.4th 252 (5th Cir. Feb. 14, 2023).

Applying the foregoing, good cause exists for abatement of all discovery and any other scheduling conferences at this juncture.

## III.
## QUALIFIED IMMUNITY AND FIFTH CIRCUIT CASE OF *CARSWELL V. CAMP*

The Fifth Circuit recently clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (expressly overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987) and its progeny)(Emphasis in the original). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Carswell*, 37 F.4th at 312-314. The Fifth Circuit also expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*. at 313.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. *Id*. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id*. (quoting *Iqbal*, 556 U.S. at 686).

As recently as November 14, 2022, the Fifth Circuit reiterated the clear prohibition of <u>any</u> discovery when issue of qualified immunity is in play.  See, *In Re Paxton*, 60 F.4th 252 (5th Cir. Feb. 14, 2023)(issuing mandamus to stop deposition of Attorney General Paxton). Additionally, sister Courts in the Eastern District have relied on *Carswell* to stay discovery. *See*, *Chavez v. Jefferson Cty.*, No. 1:22-CV-00257, 2023 U.S. Dist. LEXIS 47688, at 2 n.1 (E.D. Tex. 2023); *Gonzalez v. Lumpkin*, No. 6:21-CV-00351-JCB, 2023 U.S. Dist. LEXIS 13379, at 13 (E.D. Tex. 2023). Lastly, this Court, or the Magistrate Judges of this Court, have stayed discovery pursuant to *Carswell* in at least one case where the undersigned represent the defendants. *See, Jackson v. Stamps*, Civil Action No. 4:21-cv-769-SDJ-KPJ, 2023 U.S. Dist. LEXIS 53640 (E.D. Tex. 2023).

### IV.
### STRONG PUBLIC POLICY OF PROTECTING PUBLIC OFFICIALS FROM DISCOVERY AND UNNECESSARY BURDENS OF LITIGATION

The Supreme Court's clearly articulated policy of protecting public officials and employees from discovery until threshold immunity issues have been resolved, developed primarily in the arena of qualified immunity. The qualified immunity cases discussed supra are illustrative of the curtailment on discovery and other associated litigation tasks pending resolution of immunity.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982), the Supreme Court articulated the rationale for the policy of protecting public servants not only from ultimate liability, but also from the inherent inconvenience and distraction of litigation itself, unless "clearly established" law has been shown to have been violated and the inapplicability of qualified immunity determined by the Court, by stating:

> [I]t cannot be disputed seriously that claims frequently run against the innocent as well as the guilty -- at a cost not only to the defendant officials, but to the society as a whole.  These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office.

*Harlow*, 457 U.S. at 814.

Qualified immunity is an immunity from suit, and it extends beyond just a defense to liability to include all aspects of civil litigation, including burdens of broad-reaching discovery. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). This purpose was clearly enunciated in *Mitchell v. Forsyth*, where the Supreme Court stated:

> *Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the Plaintiff complains violated clearly established law. The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if the case is erroneously permitted to trial.

472 U.S. 511, 526 (1985)(emphasis in original).

Further, the Supreme Court read *Harlow* to hold that "even such pretrial matters as discovery are to be avoided if possible, as 'inquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell v. Forsyth* 472 U.S. 511, 526 (1985). Indeed, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*. Therefore, one of the purposes of qualified immunity is to spare Defendants not only from unwarranted liability, but also from unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. Further, as there is a pending MOTION TO DISMISS, which, if resolved in the Defendants' favor, would dismiss these Defendants, it would be a waste of resources to require the parties to engage in any discovery or even scheduling at this juncture.

Supreme Court policy and now *Carswell* support a discovery stay against all the Defendants. As detailed in Defendants Boothe and Kowalski's MOTION TO DISMISS [Dkt. 8], Plaintiff has failed to allege facts which, if true, aver plausible claims, or equally importantly, which overcome Police Chief Kowalski and retired Police Lieutenant Boothe's asserted defense of Qualified immunity. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.

1995)(quoting *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985)) (complaint asserting claims against a government official who has asserted a defense of qualified immunity must "be pled with 'factual detail and particularity.'"). Simply put, until the Rule 12(b)(6) and immunity issues have been addressed and resolved, forcing Defendants to engage in discovery or scheduling would violate the principals espoused in *Harlow, Mitchell,* and *Jacquez* as well the clear and recent case law of the Fifth Circuit. As a result, any and all discovery should be completely stayed and no Rule 26 conferences required until the adequacy of Plaintiff's factual pleadings has been established and asserted immunity have been fully resolved. To do otherwise would subjugate the clear protections from discovery and disruption discussed above.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **THE TOWN OF PROSPER, TEXAS, PAUL BOOTHE, and DOUG KOWALSKI,** pray that the Court grant their MOTION TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND IMMUNITY, that the Court order that all discovery be suspended until the Court has ruled upon the pending MOTION TO DISMISS, and that Defendants have such other relief, at law or in equity, to which they are entitled.

        Respectfully submitted,

By:   /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**
      State Bar No. 05543500
      **J. BAILEY MCSHANE**
      State Bar No. 24104388
      **MATTHEWS, SHIELS, KNOTT,**
      **EDEN, DAVIS & BEANLAND, L.L.P.**
      8131 LBJ Freeway, Suite 700
      Dallas, Texas 75251
      972/234-3400 (office)
      972/234-1750 (telecopier)
      bdavis@mssattorneys.com
      bmcshane@mssattorneys.com

      **ATTORNEYS FOR DEFENDANTS**
      **THE TOWN OF PROSPER, TEXAS, PAUL**
      **BOOTHE, and DOUG KOWALSKI**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 20, 2023, I emailed the Plaintiff's counsel regarding a certificate of conference [MORE DISCUSSION] It is therefore submitted to the court as an unopposed/opposed motion.

      /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that on September XX, 2023, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Thomas S. Leatherbury and Peter B. Steffensen.

      /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**