# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LEONARD JOHNSON, § <br> § <br> *Plaintiff,* § <br> v. § <br> § <br> THE TOWN OF PROSPER, TEXAS, § <br> et. al., § <br> § <br> *Defendants.* § | Civil Action No. 4:23-cv-650 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Town of Prosper's Motion to Dismiss (Dkt. #9). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against the Town of Prosper, Texas ("the Town"), as well as two officials for the Prosper Police Department—Defendants Lieutenant Paul Boothe and Chief Doug Kowalski (Dkt. #1 at pp. 20–24). The suit arises from events surrounding Plaintiff's investigation, arrest, and indictment for the offense of impersonating a public servant under Tex. Penal Code § 37.11(a)(1). Plaintiff claims that his Texas Public Information Act requests using a pseudonym and email address, and his subsequent email correspondence with Town officials on matters of public concern, prompted his alleged retaliatory arrest (Dkt. #1 at ¶ 140).[1]

---

[1] This Court's Order on a related Motion to Dismiss by Co-Defendants Boothe and Kowalski details Plaintiff's investigation, arrest, and indictment more thoroughly (*See* Dkt. #25). Accordingly, this Order will focus on facts uniquely pertaining to the Town.

According to the Complaint, the full Town Council met as a body and directed Defendant Kowalski to investigate the identity of the individual behind the pseudonymous email account (Dkt. #1 at ¶ 38). Plaintiff contends that this directive constituted official municipal policy and was undertaken to retaliate against Plaintiff for exercising his First Amendment rights (Dkt. #1 at ¶ 138). He further alleges that the Town ratified Plaintiff's subsequent investigation and arrest, which he asserts occurred without probable cause (Dkt. #1 at ¶¶ 139–40).

The Town disputes Plaintiff's characterization of the events, asserting that the investigation was not initiated by the full Town Council but rather by a single councilmember, Jeff Hodges, who expressed concern that someone misused his name to request public information (Dkt. #9 at p. 3; *see* Dkt. #8-5 at p. 3). The Town further argues that Plaintiff's Complaint does not include any additional factual allegations concerning the Town's policymaking conduct beyond those contained in Paragraph 38 (Dkt. #9 at p. 4; *see* Dkt. #1 at ¶ 38). Plaintiff's remaining assertions regarding municipal liability, in the Town's view, are conclusory in nature (Dkt. #9 at p. 6).

On September 19, 2023, the Town filed its Motion to Dismiss (Dkt. #9). On October 24, 2023, Plaintiff filed its Consolidated Response in Opposition (Dkt. #16) to this and a related Motion (*See* Dkt. #8). The Court now considers whether Plaintiff has plausibly stated a claim for relief against the Town under Rule 12(b)(6) in view of the applicable municipal liability standards.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Accordingly, dismissal is unwarranted.

## CONCLUSION

It is therefore **ORDERED** that Defendant Town of Prosper's Motion to Dismiss (Dkt. #9) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 30th day of May, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE