**From:** Kyle Barry <kbarry@mssattorneys.com>
**Sent:** Friday, March 20, 2026 2:52 PM
**To:** Cloud, Megan <mcloud@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Bob Davis <bdavis@mssattorneys.com>; Gold, Josh <jgold@velaw.com>; Hill, Paul <phill@velaw.com>
**Subject:** Re: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Megan,

As Bob previously advised your team, he has been in arbitration for the Plano Police Department this week. Additionally, he was unexpectedly involved in an emergency temporary restraining order issue involving significant public interest (see the article below). We would be happy to visit with you about these matters. We are available Friday, March 27, 2026, between 8:30 a.m. and 10:30 a.m.

https://www.keranews.org/news/2026-03-19/judge-grants-restraining-order-against-utility-district-that-helped-muslim-oriented-community-paxton-abbott-epic

Kyle Barry
Associate Attorney
Matthews, Shiels, Knott,
Eden, Davis, & Beanland, L.L.P.
8131 LBJ Freeway, Suite # 700
Dallas, Texas 75251
(972) 234-3400

---

**From:** Cloud, Megan <mcloud@velaw.com>
**Sent:** Friday, March 20, 2026 1:38 PM
**To:** Bob Davis <bdavis@mssattorneys.com>; Gold, Josh <jgold@velaw.com>; Hill, Paul <phill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Bob,

Following up on the below. Thanks very much.

Best,
Megan

**Megan Cloud (she/her)**
**Senior Associate**

**Vinson&Elkins**

**E**  mcloud@velaw.com

**W  +1.214.220.7949**
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**


**From:** Cloud, Megan <mcloud@velaw.com>
**Sent:** Wednesday, March 18, 2026 7:59 PM
**To:** Bob Davis <bdavis@mssattorneys.com>; Gold, Josh <jgold@velaw.com>; Hill, Paul <phill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Bob,

We're in receipt of the Town's supplemental production provided yesterday. Based on the new production, prior communications, and prior discovery responses, and reserving all rights to raise additional issues as they are identified, we would ask that you do the following:

- Produce unredacted versions of the documents produced yesterday, as you waived privilege when you claimed to not be withholding documents on privilege grounds.
- Produce attachments to the emails produced yesterday and confirm that attachments were searched for hits on the agreed upon search terms.
- If attachments were not searched, search and produce those documents and parent emails as well.
- Search for and produce responsive text messages.
- Provide availability for Doug Kowalski (in his individual and 30(b)(6) capacities), Robyn Battle (in her 30(b)(6) and individual capacities), Harlan Jefferson, Jeff Hodges, and Marcus Ray to sit for reopened depositions to be questioned on the newly produced documents.

To the extent you do not agree to any of the above, please let us know your availability confer this week. Thanks very much.


Best,
Megan


**Megan Cloud (she/her)**

**Senior Associate**

## Vinson&Elkins

**E**  mcloud@velaw.com
**W  +1.214.220.7949**
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**


**From:** Bob Davis <bdavis@mssattorneys.com>
**Sent:** Tuesday, March 17, 2026 10:40 AM
**To:** Gold, Josh <jgold@velaw.com>; Hill, Paul <phill@velaw.com>; Kyle Barry

<kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

<mark>[EXTERNAL]</mark>

Here is update about review and production of data in response to the new request. It appears that many of the emails were duplicates, which has moved things along. At this point, we should be able to have data available this evening on Dropbox. This should alleviate the need for an expedited discovery hotline conference.

Robert J. Davis
Partner
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400

**From:** Bob Davis
**Sent:** Monday, March 16, 2026 3:18 PM
**To:** 'Gold, Josh' <jgold@velaw.com>; Hill, Paul <phill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

We have been trying to tell you that we are diligently working on reviewing the mass of data which was returned in response to your <mark>new request,</mark> but best estimate would be at the earliest Friday.

Regarding the discovery hotline, we are open after 1:30 tomorrow but I am starting an Arbitration all day Wednesday and likely Thursday. Friday after noon is also open.

Robert J. Davis
Partner
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400

**From:** Gold, Josh <jgold@velaw.com>
**Sent:** Monday, March 16, 2026 3:14 PM
**To:** Bob Davis <bdavis@mssattorneys.com>; Hill, Paul <phill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Bob,

We called Ms. Scott, who advised us that Judge Mazzant is in trial. She referred us to the discovery hotline. We left a message with the duty judge and are waiting on a call back. To the extent the judge is unavailable this afternoon, what's your availability tomorrow?

Absent intervention from the Court, are you able to provide a more firm date/time by which the Town will be able to produce the emails?

Thanks,
Josh

**Josh Gold**

**Senior Associate**

Vinson&Elkins

**E**  jgold@velaw.com
**W**  +1.214.220.7810
2001 Ross Avenue
Suite 3900
Dallas, TX 75201

**From:** Bob Davis <bdavis@mssattorneys.com>
**Sent:** Monday, March 16, 2026 2:31 PM
**To:** Hill, Paul <PHill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

[EXTERNAL]

We materially disagree with your posturing on these purported discovery issues.  If you carefully look at your only two requests for production which could contemplate the production of emails – request for production No. 1 and 2 - particularly when viewed through the lens of your own definition of "Public Information Request" – the Town has complied.  In fact, as part of this ongoing discovery process, after one of our conferences with your team, the Town supplemented its responses on March 4, 2026, to specifically identify the responsive documents [including emails] as cited by number in the Town's Disclosure Responses.   The email which you sent on March 11, 2026, @ 5:25 p.m. is indeed a completely **new** request for completely different spheres of emails, which, again, the Town is diligently working to provide but cannot be done in the highly expedited time frame you unilaterally demanded.   Again, please advise Ms. Scott of our position on this matter and our availability.

Robert J. Davis
Partner
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400

**From:** Hill, Paul <PHill@velaw.com>
**Sent:** Monday, March 16, 2026 1:07 PM
**To:** Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>; Bob Davis <bdavis@mssattorneys.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Kyle,

Emergency or not, the Judge's procedures require us to raise discovery disputes by scheduling and engaging in an informal hearing with the Judge, prior to filing a motion. And, as you well know, there *is* an exigency here because our deadline to respond to your dispositive motion (which alleges that we have no evidence to support our client's claims) is this Wednesday, and we are entitled to have this discovery with a meaningful amount of time to review and incorporate in our response. If you can commit to us in the *next 2 hours* that you will produce all responsive documents from the hits you've identified below *by the end of today* then—expressly reserving all rights to dispute the completeness and propriety of the production and all other discovery issues we have raised to you (including, but not limited to, you responses to our Requests, the preparedness of your 30(b)(6) witnesses, the completeness of your document review efforts, and the need to re-open fact witness depositions)—then we can forgo raising the issue on this specific production with the Court today. If we don't hear from you by *3:00pm* (or if you refuse to make that commitment), we are calling the Court as expected.

Further, your response just now is, yet again, rife with mischaracterizations about the situation the Town has put us in. Our discovery request is in no way new. We asked for these documents in October as part of our formal requests for production. In response to those, we now know that the Town conducted a search that was nothing close to reasonable or sufficient to obtain all responsive documents—and, based on your message below, it appears that the Town didn't even initiate a collection of responsive records until late last week. We have raised issues with the Town's production repeatedly since the fall, and at every step of the way, the Town either ignored our disputes, refused to confer with us, or flatly refused to engage in a candid or productive discussion about what discovery efforts the Town actually did. Then, last week during Ms. Battle's deposition, we learned for the first time what the Town has known all along—the Town utterly failed to engage in anything close to a reasonable search for responsive documents. We flagged the problem immediately after the deposition and sent you search terms that day, which we narrowed again within 24 hours. Those terms don't represent any new request—they simply are means of obtaining the same documents we asked for in October. If anything, our terms represent a *condensed* version of what we otherwise requested. It is ultimately the Town's failure to engage in a reasonable search and engage in candid and productive discussions to resolve our disputes, that has led to the exigency the Town faces now. We understand the logistical difficulties you are encountering, but those could have been avoided, and we will not allow our client to be prejudiced by the Town's failure to do so.

**Paul Hill**

Senior Associate

**Vinson&Elkins**

**E**  PHill@velaw.com
**W**  +1.214.220.7879
2001 Ross Avenue
Suite 3900
Dallas, TX 75201

Vcard | Bio | velaw.com

**From:** Kyle Barry <kbarry@mssattorneys.com>
**Sent:** Monday, March 16, 2026 12:08 PM
**To:** Hill, Paul <PHill@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>; Bob Davis <bdavis@mssattorneys.com>
**Subject:** Re: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

<mark>[EXTERNAL]</mark>

Paul,

As we have already attempted to discuss with you, we are trying to accommodate what is essentially a new and different discovery request submitted on March 11, 2026, @ 5:25 p.m., to which you demanded a response less than forty-eight (48) hours later. As I let you know Friday, which was my first opportunity to do so, the parameters of your initial proposed search for information produced 5,056 separate email chains. Even under the refined Boolean search - which was still too expansive - and was later performed, the common terms and parameters of persons you requested have resulted in just over six hundred (600) separate email chains. The Town is currently working to compile this information, so that we can ascertain whether it is even responsive or not. At this point we are still converting raw data into readable format for review. We do not believe that "emergency" intervention by the Court is appropriate under the Local Rules, nor necessary at this time. Please candidly advise Ms. Scott, Judge Mazzant's Judicial Assistant, of our position when requesting this "emergency" hearing. If she asks for our availability, we can participate telephonically after 2:30 p.m. today.

Kyle Barry
Associate Attorney
Matthews, Shiels, Knott,
Eden, Davis, & Beanland, L.L.P.
8131 LBJ Freeway, Suite # 700
Dallas, Texas 75251
(972) 234-3400

---

**From:** Hill, Paul <PHill@velaw.com>
**Sent:** Monday, March 16, 2026 10:44 AM
**To:** Bob Davis <bdavis@mssattorneys.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Bob and Kyle,

Seeing as we have not received any production of documents from you, we are moving to enlist the aid of the Court to resolve this dispute. Please let us know when, *today*, you are available to call the Court with us to schedule a conference with Judge Mazzant. **If we do not hear back from either of you by *3:00pm today*, we will call the Court by ourselves and, if asked about your absence, explain that you failed to participate with us in the process.**

**Paul Hill**

**Senior Associate**

## Vinson&Elkins

**E** PHill@velaw.com
**W** +1.214.220.7879
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**

**From:** Hill, Paul <phill@velaw.com>
**Sent:** Friday, March 13, 2026 7:07 PM
**To:** Kyle Barry <kbarry@mssattorneys.com>; Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Bob Davis <bdavis@mssattorneys.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Kyle,

Thanks for the update. Respectfully, any limited search the Town undertook was wholly deficient. Your 30(b)(6) witness testified as to the extent of the search for responsive documents: (1) a search for the name "Leonard Johnson" through the Town Council's meeting minutes and agendas (Battle 30(b)(6) Tr. 34:12-21; 35:19-36:8); and (2) a search of the Town's email records for emails where "Leonard Johnson," "Geoff Hodges," "Sam Kingston," "cityofprosper@gmail.com," or "samk38043gmail.com" *appeared only in the sender or recipient lines* of the email (Battle 30(b)(6) Tr. 36:10-13; 40:5-16). As you know, we are looking for emails that reflect what ***Boothe*** or the ***Town*** did in response to the PIRs and to investigate and arrest Mr. Johnson in violation of his Fourth and First Amendment rights—not what Mr. Johnson himself did and said in correspondence, as ***Boothe's*** emails to the Town would reflect. And, as is the crux of the issues at hand, the Town ***did not*** know Mr. Johnson's identity when the violation of his rights began. These terms were plainly insufficient to identify all responsive documents—as was the failure to even run a single term through the body of emails, as opposed to just the sender and recipient lines.

And while you claim that the depositions confirm that there were very few email communications, we wholeheartedly disagree; your witnesses routinely claimed to remember very little and couldn't tell us what emailed communications may have taken place (*see, e.g.,* Jefferson Tr. 47:3-48:8). Likewise, your 30(b)(6) witness conceded that she did not review any communications outside what you have produced already and was unprepared to testify to any other communications that may have occurred. (*See, e.g.,* Battle 30(b)(6) Tr. 45:15-23; 57:14-58:21) And, your characterization of the depositions is further misleading because both Ms. Reaves (in her deposition) and Officer Boothe (in his notes that you produced) indicate that there was at least one meeting of the Town Council Members regarding the central issues in this case—which is more than likely to have generated electronic or other communications and documents responsive to our requests.

Based on the structure of our search terms (ie. limited strategically by custodian and with Boolean connectors), we fail to see how it is remotely likely that vast amounts of **unresponsive** (as opposed what you might subjectively deem to be irrelevant) email threads are being captured.  For example (using the terms you identified), we don't understand how there could be thousands of email records where the terms "PIR" and "pseudonym" OR "anonymous" OR "false name" OR "fictitious" OR "fake" are being used together and are **not** responsive to our requests.  And, relatedly, you have never raised a relevance objection in your written responses and told us multiple times that you were not withholding documents based on the objections you did raise.  As a result, you have waived any possible relevance objection anyway.

Our position is that you are obligated to review these ~5,000 email threads for responsiveness (not your opinion on relevance) and privilege, and then produce to us the responsive, not privileged emails (followed by a privilege log listing all emails withheld for privilege).  While we are sympathetic to the expedited timeline and effort this will require—that adversity is entirely of your own making.  You could have avoided this problem if you had conferred with us last fall when we issued our Requests.  Likewise, you could have conferred with us in December after we wrote you a letter outlining our issues with your production.  Or earlier this year when we followed up on that letter.  Or two weeks ago when we asked you directly during our meet and confer if you had conducted an email search **at all** in response to our requests, and you flatly refused to answer or engage with us on the topic.  Instead, we learned about the utter insufficiency of your discovery efforts for the first time just this Tuesday during the 30(b)(6) deposition.  And we have been more than reasonable in response to that revelation—offering you reasonable search terms the same day and then narrowing those terms even further within 24 hours.

We expect that you review these documents and produce them in accordance with your obligations under the Federal Rules of Civil Procedure.  Otherwise, we will seek the aid of the Court on Monday morning.

**Paul Hill**

**Senior Associate**

Vinson&Elkins

**E**  PHill@velaw.com
**W**  +1.214.220.7879
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**

**From:** Kyle Barry <kbarry@mssattorneys.com>
**Sent:** Friday, March 13, 2026 5:39 PM
**To:** Gold, Josh <jgold@velaw.com>; Cloud, Megan <mcloud@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Bob Davis <bdavis@mssattorneys.com>; Hill, Paul <phill@velaw.com>
**Subject:** Re: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

[EXTERNAL]

Yes, the IT department ran the search with your specific definitions and parameters.

Kyle Barry
Associate Attorney

Matthews, Shiels, Knott,
Eden, Davis, & Beanland, L.L.P.
8131 LBJ Freeway, Suite # 700
Dallas, Texas 75251
(972) 234-3400

---

**From:** Gold, Josh <jgold@velaw.com>
**Sent:** Friday, March 13, 2026 4:29 PM
**To:** Kyle Barry <kbarry@mssattorneys.com>; Cloud, Megan <mcloud@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Bob Davis <bdavis@mssattorneys.com>; Hill, Paul <phill@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Kyle,

Megan is currently out of the office. For clarification, were the search terms run with the connectors? I ask because you identify "PIR" and "Public Information" below. But those terms were to be run only for emails that also had any of the following terms: "pseudonym" OR "anonymous" OR "false name" OR "fictitious" OR "fake." Please let us know and we will discuss how to limit further.

Thanks,
Josh

**Josh Gold**

**Senior Associate**

**Vinson&Elkins**

**E**  jgold@velaw.com
**W**  +1.214.220.7810
2001 Ross Avenue
Suite 3900
Dallas, TX 75201

**From:** Kyle Barry <kbarry@mssattorneys.com>
**Sent:** Friday, March 13, 2026 4:26 PM
**To:** Cloud, Megan <mcloud@velaw.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Gold, Josh <jgold@velaw.com>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>; Bob Davis <bdavis@mssattorneys.com>; Hill, Paul <phill@velaw.com>
**Subject:** Re: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

[EXTERNAL]

Megan,

The Town had previously searched and provided emails responsive to discovery in this case. Some of those parameters were discussed during the deposition of Robyn Battle.

Additionally, during the depositions of individual witnesses, those individuals confirmed the very limited, if any, email correspondence in regard to this matter. As a courtesy, the Town IT Department searched the very expansive series of terms and individuals that you requested in your email sent on March 11, 2026, @ 5:25 p.m. The initial data file identified 5,056 separate email chains, which contain at least one of the terms and individuals listed in your proposed search. As foreshadowed by our previous communications, the expansive nature of your proposed search and inclusion of commonly used terms, such as "PIR" and "Public Information", has not surprisingly resulted in what appears to be wholly irrelevant email chains. The Town is unable to cull through this voluminous data dump in the expedited time frame which you requested. To meaningfully respond to your proposed search parameters, the Town must be provided with a significantly more tailored proposal for terminology and/or individuals in order to be able to reasonably respond, if at all.

The Town remains comfortable that its prior search parameters captured relevant responsive emails, a fact corroborated by the consistent deposition testimony. If you have a narrowly tailored request which captures directly relevant search terms, the Town will attempt again to compile data related to same.

Kyle Barry
Associate Attorney
Matthews, Shiels, Knott,
Eden, Davis, & Beanland, L.L.P.
8131 LBJ Freeway, Suite # 700
Dallas, Texas 75251
(972) 234-3400

---

**From:** Cloud, Megan <mcloud@velaw.com>
**Sent:** Wednesday, March 11, 2026 5:24 PM
**To:** Bob Davis <bdavis@mssattorneys.com>; Hill, Paul <phill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Gold, Josh <jgold@velaw.com>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Bob,

Please see our proposal below.

For all custodians:
- "Leonard Johnson" OR "Leo Johnson"
- "Geoff Hodges"
- "Sam Kingston" OR "Sam King"
- "samk38043@gmail.com"
- "prospercitycouncil" OR "city council email"

For Harlan Jefferson, Ray Smith, Marcus Ray, and Jeff Hodges:

- ("pseudonym" OR "anonymous" OR "false name" OR "fictitious" OR "fake") AND ("request" OR "public information" OR "TPIA" OR "open records" OR "PIR")
- "impersonat*"
- "37.11"
- "subpoena"
- "criminal interview"

I'm sure it goes without saying, but we would anticipate that these terms would be run against the entire message (including, for example, to/from/cc/bcc, subject line, body, and any attachments) and we would further expect to get the full file of any email or text message in which these terms appear (again, by way of example only, we would expect to get emails that respond to a message that hits on any of these terms). Finally, we note that we've used the terms and connectors that work on our system, but if the system you're using works differently, you may need to use different operators. In particular, for "impersonat*" we anticipate that the "*" will operate as a root expander so that it captures "impersonating" and "impersonated" and "impersonation." On some systems, this operator is an exclamation point or could be something else.

Please let us know if you have any questions about the terms. Thanks very much.

Best,
Megan

**Megan Cloud (she/her)**

**Senior Associate**

**Vinson&Elkins**

**E** mcloud@velaw.com
**W** +1.214.220.7949
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**

**From:** Bob Davis <bdavis@mssattorneys.com>
**Sent:** Wednesday, March 11, 2026 1:30 PM
**To:** Hill, Paul <PHill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Cloud, Megan <mcloud@velaw.com>; Gold, Josh <jgold@velaw.com>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

[EXTERNAL]

The City IT Department has the ability to perform searches so please send your proposed Boolean or proximity searches for the topics/persons you previously sent. Thanks.

Robert J. Davis
Partner
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.

8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400

**From:** Bob Davis
**Sent:** Wednesday, March 11, 2026 9:42 AM
**To:** 'Hill, Paul' <PHill@velaw.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Cloud, Megan <mcloud@velaw.com>; Gold, Josh <jgold@velaw.com>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** RE: Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Thank you for sending this very expansive request for a search of City emails for the time period of October 14. 2020 through 11/17/2022, except as noted.   We will visit with the City about your request.  As threshold issue, we will check with City about their capability to conduct Boolean or proximity searches. If so, we will let you know so that you can substantially narrow your search terms so that a meaningful search can be attempted.

Robert J. Davis
Partner
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400

**From:** Hill, Paul <PHill@velaw.com>
**Sent:** Tuesday, March 10, 2026 8:27 PM
**To:** Bob Davis <bdavis@mssattorneys.com>; Kyle Barry <kbarry@mssattorneys.com>
**Cc:** Reichman, Jeremy <jreichman@velaw.com>; Thomas Leatherbury <tom@tsleatherburylaw.com>; Steffensen, Peter (Student) <psteffensen@mail.smu.edu>; Cloud, Megan <mcloud@velaw.com>; Gold, Josh <jgold@velaw.com>; Brinkley, Paige <pbrinkley@velaw.com>; Heo, John <jheo@velaw.com>
**Subject:** Johnson v. Town of Prosper -- Defendants' Search/Production of Documents in Response to Plaintiff's Requests

Hi Bob,

During our conversation today, you stated you would consider conducting another search for responsive documents. We propose the following search terms for this second round of search. And given looming court deadlines, we ask that you produce any new responsive documents by EOD Friday (3/13).  Please let us know by noon tomorrow (3/11) if these terms are acceptable.

Further, let us know if you have the capability to conduct Boolean or proximity searches. If so, we can narrow our search terms where appropriate.

Best,
Paul Hill

**I. Proposed Custodians**

The following individuals should be named as custodians based on their direct involvement in the investigation, prosecution, Town Council decision-making, and related communications:

1. Paul Boothe

2. Doug Kowalski

3. Daniel Travis

4. Harlan Jefferson

5. Ray Smith

6. Marcus Ray

7. Jeff Hodges

8. Devin Reaves

9. Robyn Battle

10. Melissa Lee

**II. Proposed Search Terms**

The following search terms should be run across the custodians' email accounts and cellphone text messages as identified below.  The date range should be 10/14/2020 through 11/7/2022, unless otherwise noted. Each term below should be run as an independent keyword search.

For all custodians:

11. "Leonard Johnson"

12. "Leo Johnson"

13. "Geoff Hodges"

14. "Sam Kingston"

15. "Sam King"

16. "prospercitycouncil@gmail.com"

17. "samk38043@gmail.com"

18. "prospercitycouncil"

For Harlan Jefferson, Ray Smith, Marcus Ray, and Jeff Hodges

19. "public information" - 10/14/2020 through 11/9/2020

20. "TPIA" - 10/14/2020 through 11/9/2020

21. "Texas Public Information Act" - 10/14/2020 through 11/9/2020

22. "open records" - 10/14/2020 through 11/9/2020

23. "records request" - 10/14/2020 through 11/9/2020

24. "PIR" - 10/14/2020 through 11/9/2020

25. "impersonating"

26. "impersonation"

27. "impersonate"

28. "37.11"

29. "subpoena"

30. "pseudonym"

31. "anonymous"

32. "false name"

33. "fictitious"

34. "criminal interview"

35. "city council email"

**Paul Hill**

**Senior Associate**



**E**  PHill@velaw.com
**W**  **+1.214.220.7879**
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
**Vcard | Bio | velaw.com**

---

---

**CONFIDENTIALITY NOTICE:** The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an
authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying
of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this
email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.

---