**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LEONARD JOHNSON** | § | |
| | § | |
| **v.** | § | **CASE NO.  4:23-cv-650** |
| | § | |
| **THE TOWN OF PROSPER, TEXAS, et. al.** | § | |

**TOWN OF PROSPER'S REQUESTED JURY INSTRUCTIONS AND ISSUES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **TOWN OF PROSPER,** Defendant, and files its REQUESTED JURY
INSTRUCTIONS AND ISSUES to be included in the Court's charge to the jury, and in support thereof
would show the Court:

**I.**
**PRELIMINARY INSTRUCTIONS AND JURY CHARGE**

Defendant Town of Prosper requests Preliminary Instructions and Jury Charge comments,
as set out in Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 1.1, 1.2, 2.3, 2.7, 2.10,
3.1, and 3.4 be included in the Jury Charge as the Court deems appropriate.

**II.**
**REQUESTED ADDITIONAL MISCELLANEOUS INSTRUCTIONS**

**Burden of Proof: Preponderance of The Evidence**

Plaintiff Leonard Johnson has the burden of proving  his case by a preponderance of the
evidence. To establish by a preponderance of the evidence means to prove something is more likely
so than not so. If you find that Plaintiff Leonard Johnson has failed to prove any element of his claim
by a preponderance of the evidence, then he may not recover on that claim.

SOURCE:  Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 3.2

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

SOURCE:  Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 3.6

### III.
### REQUESTED INSTRUCTION REGARDING OFFICIAL ACTIONS OF TOWN

The Town of Prosper only acts by ordinance, resolution, or motion passed by the majority vote of its Town Council as recorded in the official Town minutes.[1]

### IV.
### REQUESTED INSTRUCTION ON CLAIMS FOR *MONELL* MUNICIPAL LIABILITY

A governmental entity, like the Town of Prosper, is not liable for the actions of its employees unless the constitutional violation was caused by a Town policy or custom.

To prevail on his claim against the Town of Prosper, Plaintiff Leonard Johnson must prove by a preponderance of the evidence that:

1.    an official policy or custom existed;

2.    a policymaker for the Town knew or should have known about the policy or custom;

3.    the policymaker was deliberately indifferent; and

4.    the policy or custom was the moving force leading to a constitutional violation.

---

[1]City of Houston v. Aspenwood Apartment Corp., No. 01-97-01378-CV, 1999 WL 681939, 1999 Tex. App. LEXIS 6721, at *18-20 (Tex. App.—Houston [1st Dist.] Aug. 27, 1999), opinion supplemented on denial of reh'g, No. 01-97-01378-CV, 2002 Tex. App. LEXIS 509, 2002 WL 89650 (Tex. App.—Houston [1st Dist.] Jan. 24, 2002, no pet.) (mem. op.)

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Town's officers.

A "custom" is a persistent, widespread practice of Town officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents Town policy. But to show a custom, Plaintiff Leonard Johnson must prove that either the Town's governing body or some official with policymaking authority knew or should have known about the custom.

For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and [he/she] must also draw the inference.

SOURCE:   Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 10.5 in conjunction with footnoted cases

## V.
## REQUESTED INSTRUCTION FOR CRIMINAL OFFENSE
## OF IMPERSONATING A PUBLIC SERVANT

The criminal offense of Impersonating a Public Servant is contained in Texas Penal Code Section 37.11, which provides:

(a)   A person commits an offense if the person:

   (1)   impersonates a public servant with intent to induce another to submit to the person's pretended official authority or to rely on the person's pretended official acts; or

   (2)   knowingly purports to exercise, without legal authority, any function of a public servant or of a public office, including that of a judge and court.[2]

The purpose of section 37.11 of the Texas Penal Code is to protect the public from persons impersonating public servants.[3]   To meet the element of "submit to the person's pretended official

---

[2]TEX. PENAL CODE SECTION 37.11(a). *Luera v. Kleberg Cnty. Tex.*, 460 F. App'x 447, 450 (5th Cir. 2012).

[3]*Williams v. State*, No. 01-95-01278-CR, 1996 WL 1121441, 1996 Tex. App. LEXIS 1042, at 4-5 (Tex. App. - Houston [1st Dist.] Mar. 14, 1996).

authority", the actor need not succeed in inducing anyone to submit to his assumed authority; all that is required is the impersonation and the intent.[4] Nor does the offense require "that an accused have a motive for such an act, or that the accused benefit by the act, or that another suffer harm."[5]

SOURCE:    Texas Penal Code Section 37.11(a) and Footnoted cases

## VI.
## REQUESTED INSTRUCTIONS FOR CONSTITUTIONAL VIOLATIONS

Plaintiff Leonard Johnson contends that his First and Fourth Amendment rights were violated by the Town of Prosper when he was arrested in retaliation for submitting public record requests to the Town of Prosper using a pseudonym and for anonymously petitioning the Town of Prosper for a redress of his grievance.[6]

To establish a claim for retaliatory arrest in violation of the First Amendment, Plaintiff Leonard Johnson must show (1) engagement in a constitutionally protected activity; (2) an injury caused by the Town's actions that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the Town's adverse actions were substantially motivated by the Plaintiff's exercise of constitutionally protected activity.[7]

To establish a claim for false arrest in violation of the Fourth Amendment, Plaintiff Leonard Johnson must show  (1) that he was arrested, and (2) the arrest did not have the requisite probable cause.[8]

---

[4]*Dietz v. State*, 62 S.W.3d 335, 340 (Tex. App.-Austin 2001, pet. ref'd).

[5]*Jones v. State*, 01-85-161-CR, 01-85-162-CR, 01-85-163-CR, 01-85-164-CR, 01-85-305-CR, 1986 Tex. App. LEXIS 12284, at *4 (Tex. App. - Houston [1st Dist.] Feb. 26, 1986)

[6]JOINT PRETRIAL ORDER [Dkt. 96], paragraph C

[7]*Cass v. City of Abilene,* 814 F.3d 721, 729 (5th Cir. 2016) (per curiam) (citing *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

[8] *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010)

You are further instructed that the presence of probable cause defeats a First Amendment retaliatory arrest claim and a Fourth Amendment unlawful arrest claim.[9]

Establishing probable cause is a low bar and exists where facts and circumstances within a police officer's knowledge would warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.[10]

SOURCE:     Plaintiff's contentions in Joint Pretrial Report [Dkt. 96] and Footnoted cases

## VII.
## REQUESTED INSTRUCTION FOR INDEPENDENT INTERMEDIARY DOCTRINE

If the facts supporting an arrest are put before an intermediary such as a Judge or Grand jury, the intermediary's decision to issue a Warrant or return an Indictment breaks the causal chain and insulates the arresting party from any claims for a Constitutional violation.[11]

SOURCE:     Footnoted cases

## VIII.
## REQUESTED INSTRUCTION FOR TEXAS HOMELAND SECURITY ACT

The Texas Homeland Security Act provides that information is confidential if the information is collected, assembled, or maintained by or for a governmental entity for the purpose of preventing, detecting, responding to, or investigating an act of terrorism or related criminal activity or a hostile

---

[9] *Nieves v. Bartlett*, 139 S.Ct. 1715, 1726, 204 L.Ed.2d 1 (2019); *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019)

[10] *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996); *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009))

[11] *Hughes v. Garcia*, 100 F.4th 611 (5th Cir. 2024); *Melancon v. Walsh*, 2025 U.S. App. LEXIS 2896, 2025 WL 42977 (5th Cir. Feb. 7, 2025); *Conrad v. Krc*, No. 6:15-CV-77, 2016 U.S. Dist. LEXIS 142938, 2016 WL 5853738, at *7 (E.D. Tex. June 17, 2016), aff'd, 678 F. App'x 236 (5th Cir. 2017); *Vann v. Paxton*, 4:18-cv-00570, 2019 WL 4392527, 2019 U.S. Dist. LEXIS 127672, at *27-28 (E.D. Tex. Apr. 18, 2019)

act by a foreign adversary of the United States and relates to the staffing requirements of an emergency response provider, including a law enforcement agency, a fire-fighting agency, or an emergency services agency.[12]

SOURCE:    Footnoted statute and case

# IX.
## CONDITIONAL[13] INSTRUCTION ON DAMAGES

If Plaintiff Leonard Johnson has proved his claim against Defendant Town of Prosper by a preponderance of the evidence, you must determine the damages to which Plaintiff Leonard Johnson is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Leonard Johnson's damages as an indication in any way that I believe that Plaintiff Leonard Johnson should, or should not, win this case. It is your task first to decide whether Defendant Town of Prosper is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Town of Prosper is liable and that Plaintiff Leonard Johnson is entitled to recover money from Defendant Town of Prosper.

SOURCE:    Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 15.1

Defendant Town of Prosper conditionally requests instructions as to Compensatory Damages as set out in Fifth Circuit PATTERN JURY INSTRUCTIONS (Civil Cases)(2020) 15.2 and 15.6, be included in the Jury Charge as the Court deems appropriate but only if supported by the evidence.

---

[12]TEXAS GOV'T CODE Section 418.176(a); *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 128 (Tex. 2011)

[13]The Town of Prosper does not agree that Plaintiff is entitled recovery of any damages but is submitting this proposed instruct to ensure that any damage submission comports with the Fifth Circuit Pattern Jury Charge in this area.

**X.**
## REQUESTED JURY ISSUE NO. 1 – VIOLATION OF CONSTITUTIONAL RIGHTS

**Requested Jury Question No. 1**

Do you find from the preponderance of the credible evidence that Plaintiff Leonard Johnson's constitutional rights under the First Amendment and Fourth Amendment were violated as defined in the court's jury instructions ?

Answer: "Yes" or "No"

ANSWER: _____
(Burden of proof on Plaintiff)

If you have answered "No" to Question No. 1, go to the end of these questions and have the Foreperson sign in the space provided and date this Jury Verdict Form as the verdict of the Jury.  If you answered "Yes", then answer Question No. 2.

**XII.**
## REQUESTED JURY ISSUE NO. 2 – JUDICIAL AND GRAND JURY
## FINDINGS OF PROBABLE CAUSE

**Requested Jury Question No. 2**

Do you find from the preponderance of the credible evidence that the facts supporting an arrest for the offense of Impersonating a Public Servant were put before an intermediary such as a Judge or Grand Jury, resulting in the intermediary's decision to issue a Warrant or return an Indictment against Plaintiff Leonard Johnson ?

Answer: "Yes" or "No"

ANSWER: _____
(Burden of proof on Plaintiff)

If you have answered "Yes" to Question No. 1, go to the end of these questions and have the Foreperson sign in the space provided and date this Jury Verdict Form as the verdict of the Jury.  If you answered "Yes", then answer Question No. 2.

**XIII.**
**REQUESTED JURY ISSUE NO. 3 – LIABILITY OF TOWN OF PROSPER**

**Requested Jury Question No. 3**

Do you find from the preponderance of the credible evidence that Defendant Town of Prosper had a policy, practice, or custom that was the moving force of a violation of Plaintiff's constitutional rights, as defined in the court's jury instructions ?

Answer: "Yes" or "No"

ANSWER:     _____
                         (Burden of proof on Plaintiff)

If you have answered "No" to Question No. 1, go to the end of these questions and have the Foreperson sign in the space provided and date this Jury Verdict Form as the verdict of the Jury.  If you answered "Yes", then answer Question No. _____.

**XIV.**
**REQUESTED JURY ISSUE NO. 2 – COMPENSATORY DAMAGES**

**Requested Jury Question No. 4**

What sum of money, if now paid in cash, would fairly and reasonably compensate the Plaintiff Leonard Johnson for his injuries, if any, that resulted from the occurrence in question?

Answer in dollars:     $ _____
                                   (Burden of proof on Plaintiff)

Respectfully submitted,

By: /s/ *Robert J. Davis*

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANTS**
**THE TOWN OF PROSPER, TEXAS,**
**PAUL BOOTHE (Deceased),**
**and DOUG KOWALSKI**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Thomas S. Leatherbury and Peter B. Steffensen.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**