# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LEONARD JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:23-cv-650 |
| | § | Judge Mazzant |
| TOWN OF PROSPER, TEXAS, et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Dkt. #87). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a Section 1983 case in which Plaintiff sued Defendants Lt. Paul Boothe ("Defendant Boothe"), Chief Doug Kowalski ("Defendant Kowalski" or "Chief Kowalski"), and the Town of Prosper ("the Town", and collectively with Defendant Booth and Defendant Kowalski, "Defendants") for violating the First and Fourth Amendments to the U.S. Constitution. Plaintiff alleges that Defendants violated the Fourth Amendment by illegally investigating, arresting, and indicting him for the felony criminal offense of impersonating a public servant under TEX. PENAL CODE § 37.11(a)(1) (Dkt. #1 at ¶ 65). Plaintiff further alleges Defendants violated the First Amendment by retaliating against him for lawfully requesting records under the Texas Public Information Act ("TPIA") (Dkt. #1 at pp. 20–24).

On July 1, 2025, the Court granted in part and denied in part Defendants' Motion to Dismiss (Dkt. #35). Specifically, the Court granted Defendants' Motion as to Plaintiffs' claims

against Defendant Kowalski and denied Defendants' Motion in all other aspects (Dkt. #35). The Court noted the inherent difficulty of proving deliberate indifference at the motion to dismiss stage of the case and stated that "the Court will grant leave for Plaintiff to amend his Complaint with more facts showing deliberate indifference if further discovery renders such a claim plausible" (Dkt. #35 at p. 14, n. 7).

On April 24, 2026, Plaintiff moved for leave to amend the Original Complaint (Dkt. #87). On May 7, 2026, Defendant filed its response in opposition to the Motion (Dkt. #91). On May 14, 2026, Plaintiff filed his reply in support of the Motion (Dkt. #93). The Motion is ripe for adjudication.

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id*. Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v.*

*Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d

253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

Pursuant to the amended scheduling order, Plaintiff's deadline to file amended pleadings expired on February 28, 2026 (Dkt. #67). On April 24, 2026, Plaintiff moved for leave to amend (Dkt. #87). To succeed, Plaintiff must demonstrate good cause under Rule 16(b)(4). Only then may the Court turn to the more liberal Rule 15(a) standard. *S&W Enters., L.L.C.*, 315 F.3d at 535.

### I. Rule 16(b)(4)

In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 535. (quoting *Reliance Ins. Co.*, 110 F.3d at 257). The Court examines these factors in turn.

#### A. Explanation for Delay

Plaintiff cites "Defendants' discovery tactics" which "deprived Plaintiff of his ability to amend his pleadings before the Court-mandated deadline" as an explanation for the delay (Dkt. #87 at p. 3). Plaintiff contends that after the deadline to amend pleadings passed, one of the Town's deponents testified regarding the process Defendants used to search their records (Dkt. #87 at p.4). Following this discovery, Plaintiff provided the Town with terms and connectors to search for documents capturing internal communications between Town employees in order to capture documents that were requested in Plaintiff's first requests for production served on October 2, 2025 (Dkt. #87 at pp. 3-4).

The Town does not refute that these terms and connectors resulted in the late production of responsive documents but argues in response that Plaintiff's demand for additional documents was "essentially a new discovery request" (Dkt. #89 at p.5) (emphasis in original).

The Court is satisfied with Plaintiff's explanation for delay. In Plaintiff's first requests for production, Plaintiff sought "All Documents regarding the Public Information Requests, including, without limitation, Communications with, among, or between Town elected officials, representatives, or employees relating to such topics" (Dkt. #87 at p.3). The testimony of the Town's deponent revealed that the Town's search parameters did not capture internal communications between Town employees (Dkt. #8 at p.4). Rather, only after Plaintiff provided terms and connectors did the Town produce documents responsive to Plaintiff's original request. Thus, it is reasonable that Plaintiff move for leave to amend his complaint considering the information made available to Plaintiff after the deadline. Accordingly, this factor favors amendment.

**B. Importance of the Amendment**

Plaintiff argues that the amendment is important to provide him with another avenue to recover from the harm he alleges (Dkt. #87 at p. 7) Specifically, that the additional claim against Chief Kowalski "affords the Plaintiff different available damages and requires fewer elements to prove" (Dkt. #87 at p.7). The Court finds that the addition of a new claim along with potential additional grounds for recovery is important. *Li v. Verizon Wireless Texas, LLC*, No. 3:17-CV-2249, 2019 WL 13044042, at *3 (N.D. Tex. Sept. 6, 2019). Accordingly, this factor favors amendment.

**C. Potential Prejudice and Availability of a Continuance**

Plaintiff argues that Chief Kowalski is not unfairly prejudiced because he has already participated extensively in the litigation, will be a trial witness regardless of the additional claim,

and the amendment does not necessitate any additional discovery (Dkt. #87 at p.7). Further, Plaintiff contends any prejudice can be fully cured by a continuance of the dispositive motion deadlines (Dkt. #87 at p.7). The Town argues in response that the Town of Prosper and the Estate of Paul Boothe would also be detrimentally impacted (Dkt. #91 at p.6). The Town contends that allowing Plaintiff to amend his complaint would "require yet another round of motion to dismiss and/or summary judgment" (Dkt. #91 at p. 7).

The Court must consider the potential prejudice that Plaintiff's amendment will cause Defendants. Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a party's ability to present its case at trial. *Li*, 2019 WL 13044042, at *3 (collecting cases).

While the Court acknowledges the Motion will require extensions to case deadlines as set out in the amended scheduling order, Plaintiff filed the Motion promptly after recovering factual allegations withheld by the Town. Further, these factual discoveries were made in response to the Court's July 1, 2025 Order stating it would "grant leave for Plaintiff to amend his Complaint with more facts showing deliberate indifference if further discovery renders such a claim plausible" (Dkt. # 35 at p. 14 n.7). The Court also notes that Plaintiff filed a separate motion to substitute Defendant Boothe for a representative of his estate (Dkt. #81). As noted in the Court's September 24, 2026 Order (Dkt # 110), the Court has granted an extension of time for Plaintiff to identify a proper party under Rule 6. Because the case will have to be continued regardless of the Motion, the Court finds that these factors are neutral.

Considering the four factors holistically, Plaintiff has met the good cause standard for permitting a post-deadline amendment of his complaint under Rule 16(b)(4). Accordingly, analysis

of the Motion under the more liberal Rule 15(a) standard is appropriate. *See S&W Enters.*, 315 F.3d at 536.

## II. Rule 15(a)

Rule 15(a) "'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (quoting *Lyn—Lea Travel Corp.*, 283 F.3d at 286). But leave to amend "is not automatic." *Matagorda Ventures, Inc.*, 203 F. Supp. 2d at 718 (citing *Dussouy*, 660 F.2d at 598). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith*, 393 F.3d at 595 (citing *Foman*, 371 U.S. at 182). The Court will proceed accordingly.

### A. Undue Delay and Undue Prejudice

As explained above in the Rule 16(b)(4) analysis, the Court does not find any undue delay by Plaintiff nor any undue prejudice to the opposing party. Under the more lenient Rule 15(a) standard, the Court finds that both factors favor amendment.

### B. Futility

The Town contends that amendment is futile because the amended claims are not any more likely to survive dismissal than Plaintiff's original claims and Plaintiff's claims against Chief Kowalksi are barred by limitations (Dkt. #91 at pp. 7-8).

A proposed amendment is futile "if it would fail to state a claim upon which relief could be granted." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 3852715, at *3 (E.D. Tex. Aug. 14, 2008). That is, "if the revision would not survive a motion made under Rule 12(b)(6), the motion for leave to amend should be denied." *Id.* However, courts prefer to consider the merits of new causes of action in the context of a Rule 12(b)(6) or Rule 56 motion, where "the procedural

safeguards are surer." *Smallwood v. Bank of America*, No. 3:11-CV-1283, 2011 WL 9491044, at *1 (N.D. Tex. Oct. 17, 2011). The Town's argument that Plaintiff's amended complaint suffers from the same deficiency as his original allegations is more suitable for determination at a later stage of the litigation.

The Town also argues that the new claims against Chief Kowalksi are barred by limitations because the statute of limitations period expired December 15, 2024 (Dkt. #91 at p. 8). Plaintiff argues in response that the claim against Chief Kowalski plainly arises out of the conduct and occurrence that Plaintiff alleges with respect to the Town and Booth (Dkt. #93 at p. 4).

Rule 15(b) permits amendment where the claim "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." FED. R. CIV. P. 15(b). The Town cites *Hill v. City of Monahans* for the proposition that the pendency of the litigation and the prior dismissal of Chief Kowalksi did not toll the limitations period (Dkt. #91 at p. 8). No. PE:25-CV-32, 2026 WL 834717, at *1 (W.D. Tex. Mar. 9, 2026). However, the issue in *Hill* involved whether a dismissal without prejudice in a prior case justified the tolling of the statute of limitations in an entirely new case. *Id.* at 3. Here, Plaintiff seeks to amend his complaint with a claim that relates back to the filing date of his original pleading. Thus, the Court agrees with Plaintiff that *Hill* is not instructive. The Court finds the supervisory liability claim against Chief Kowalksi relates back to the filing of the original complaint because the claim arises out of the same conduct and occurrence that Plaintiff alleges in the original complaint. Accordingly, the Court finds that amendment would not be futile in this case.

**C. Bad Faith, Dilatory Motive and Repeated Failure to Cure Deficiencies**

The factors of bad faith, dilatory motive, and repeated failure to cure deficiencies were not argued by the parties. Thus, the court finds that these factors are inapplicable here.

Based on the factors analyzed above, the Court finds that the Rule 15(a) factors weigh in favor of granting Plaintiff leave to file its First Amended Complaint. The Town provides no reason that overcomes the presumption in favor of granting Plaintiff's leave to amend. Accordingly, Plaintiff's motion should be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. #87) is hereby **GRANTED**. As the Clerk does not remove and file exhibits attached to motions for leave, Plaintiff is directed to file the amended complaint without delay.

**IT IS SO ORDERED.**

**SIGNED this 24th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE