# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LEONARD JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:23-cv-650 |
| | § | Judge Mazzant |
| TOWN OF PROSPER, TEXAS, et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Substitute Party and Request for Hearing (Dkt. #81). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

This is a Section 1983 case in which Plaintiff sued Defendants Lt. Paul Boothe ("Defendant Boothe"), Chief Doug Kowalski ("Defendant Kowalski"), and the Town of Prosper ("the Town", and collectively with Defendant Booth and Defendant Kowalski, "Defendants") for violating the First and Fourth Amendments to the U.S. Constitution. Plaintiff alleges that Defendants violated the Fourth Amendment by illegally investigating, arresting, and indicting him for the felony criminal offense of impersonating a public servant under TEX. PENAL CODE § 37.11(a)(1) (Dkt. #1 at ¶ 65). Plaintiff further alleges Defendants violated the First Amendment by retaliating against him for lawfully requesting records under the Texas Public Information Act ("TPIA") (Dkt. #1 at pp. 20–24). On August 14, 2026, the Court granted Defendant Town of Prosper's Motion for Summary Judgment (Dkt. #70) and dismissed all claims against the Town with prejudice.

On January 8, 2026, counsel for Defendant Paul Boothe ("Defendant Boothe") notified the Court that Defendant Boothe passed away on January 2, 2026 (Dkt. #60). Defendant Boothe died without a will, leaving behind his surviving spouse, as well as three adult children from a previous marriage (Dkt. #89 at p.3). On April 6, 2026, Plaintiff filed this motion to substitute party and request for hearing (Dkt. #81). On April 20, 2026, the Town filed its response to the Motion (Dkt. #86). On May 4, 2026, Deborah Boothe ("Mrs. Boothe") filed her response to the Motion (Dkt. #89). On May 11, 2026, Plaintiff filed his reply in support of the Motion (Dkt. #96). As of the filing of the parties' briefing, probate proceedings had not been initiated, nor had a representative of Defendant Boothe's estate been named (Dkt. #89 at p.4).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a). "Executors, administrators, and primary distributees of a decedent-plaintiff's estate are proper parties under Rule 25." *Harvey v. United States*, No. 3:21-CV-4 2022 WL 4653739, at *2 (N.D. Tex. Mar. 28, 2022); *see also*, *Janvey v. Adams*, No. 3:12-CV-0495, 2014 WL 12834493, at *2 (N.D. Tex. Oct. 3, 2014) (explaining that courts have generally interpreted Rule 25 to provide for substitution only of the decedent's legal representatives, but also noting that there is substantial support for interpreting Rule 25 to include primary distributees as proper parties for substitution).

## ANALYSIS

### I. Request for Substitution of Defendant Boothe

Plaintiff requests substitution of Deborah Boothe as surviving spouse and personal representative or distributee of the Estate of Paul Boothe, in place of Defendant Boothe (Dkt. #81 at p. 1). Mrs. Boothe contends that she cannot be properly substituted for Defendant Boothe

because Plaintiff could not establish that Mrs. Boothe is the administrator of Defendant Boothe's estate, Mr. Boothe's estate has yet to be initiated, and no representative of Defendant Boothe's estate has been named (Dkt. #89 at pp. 3-4).

First, the Court finds that Plaintiff's First and Fourth Amendment claims against Boothe in his individual capacity survive Boothe's death. Plaintiff's claims against Boothe were brought under 42 U.S.C. § 1983. Federal courts look to state law when determining whether § 1983 claims survive the death of the defendant. *See Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). Looking to Texas law, the Texas survivorship statute provides that "[a] cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of … a person liable for the injury." TEX. CIV. PRAC. & REM. CODE § 71.021(a). The statute further indicates that "[t]he action survives against the liable person and the person's legal representatives," and "may be instituted and prosecuted as if the liable person were alive." *Id.* § 71.021(b)–(c). Thus, if Defendant Boothe has a valid legal representative, Plaintiff's § 1983 claim can survive Defendant Boothe's death.

Second, the Court finds that Mrs. Boothe is not a valid legal representative under Rule 25. In Texas, a "personal representative" includes an executor or an administrator. TEX. EST. CODE § 22.031. Some courts have interpreted Rule 25 to allow only a decedent's legal representatives to be substituted as a proper party. *See Janvey,* 2014 WL 12834493, at *2. But many courts have interpreted the 1973 amendments to Rule 25 as having broadened the scope of proper parties to include primary distributees. *Id.* Here, Mrs. Boothe's affidavit states that Defendant Booth died intestate (Dkt. #89-1) and Plaintiff has not offered any evidence that Mrs. Booth has been appointed as an administrator of Defendant Boothe's estate. Therefore, Mrs. Booth cannot be a "proper

party" for substitution on the basis that she is the executor or administrator of Defendant Boothe's estate.

Plaintiff argues that Mrs. Boothe is a "proper party" because she is Defendant Boothe's primary distributee (Dkt. #92 at p. 1). The case Plaintiff relies on, *Janvey,* states that there is "substantial support for interpreting Rule 25 to include primary distributes as proper parties for distribution." *Janvey,* 2014 WL 12834493, at *2. However, the cases relied on by that court clarify that the estate must already be distributed for this rule to apply. *See In re. Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (holding a person may be a successor for Rule 25 purposes if she is the primary beneficiary of an already distributed estate or if she is named in a will as executor, even if the will is not probated); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (Rule 25 reference to 'successor' permits substitution of distributee of an already distributed estate). Mrs. Boothe's affidavit states that Defendant Boothe's estate has yet to be initiated (Dkt. #89-1). Thus, Mrs. Boothe cannot be a primary distributee of his estate. *Harvey v. United States*, 2022 WL 4653739, at *2 (N.D. Tex. Mar. 28, 2022) (finding substitution of surviving spouse improper where there was no proof that the estate had been distributed).

Therefore, the Court finds that the substitution of Mrs. Boothe, as surviving spouse and personal representative of the Estate of Paul Boothe, is improper. The Court will deny Plaintiff's request to substitute Mrs. Boothe for Defendant Boothe.

## II. Request for Extension of Time

In the alternative to his above request, Plaintiff requests additional time to identify a proper party under Rule 6. Courts in this circuit agree that an extension of time is the proper procedure where a plaintiff has difficulty in determining the "proper party" for substitution. *Najor v. Plaquemines Clay Co., LLC,* 2020 WL 13888746, at *2 (E.D. La. Jul. 16, 2020) ("If there are

difficulties in locating or identifying a successor representative, the appropriate avenue is to seek an extension of time pursuant to Fed. Rule Civ. P. 6, not to substitute an unnamed personal representative as a party"); *Ray v. Koester*, 315 F.R.D. 533, 534 (W.D. Tex. Mar. 31, 2003)(finding that "Rule 6, the rule that allows the court to grant extensions, is the proper solution" to the concern "that a party may suffer dismissal due to difficulty of locating the successor representative"). Thus, the Court will grant Plaintiff's request to extend the time to identify a proper party by six weeks following the entry of this Order.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Substitute Party and Request for Hearing (Dkt. #81) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Plaintiff's request to substitute Deborah Boothe for Defendant Boothe is **DENIED**.

It is further **ORDERED** that Plaintiff's request for a six-week extension of time to identify a proper party is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 24th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE